# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION AT COLUMBUS

| | | |
|---|---|---|
| In re: | ) | Case No. 19-52861 |
| | ) | |
| JOSE R. VILLAVICENCIO, | ) | Chapter 7 |
| | ) | |
| | ) | Judge Hoffman |
| Debtor. | ) | |
| _____ | ) | |
| | | |
| DANIEL M. MCDERMOTT | ) | Adversary Proceeding Case No. _____ |
| United States Trustee | ) | |
| 170 North High Street, Suite 200 | ) | |
| Columbus, OH  43215 | ) | |
| | ) | |
| Plaintiff | ) | |
| v. | ) | |
| | ) | |
| JOSE R. VILLAVICENCIO | ) | |
| P.O. Box 32185 | ) | |
| Columbus, OH  43232 | ) | |
| | ) | |
| Defendant | ) | |

## UNITED STATES TRUSTEE'S COMPLAINT TO DENY DISCHARGE

NOW COMES Plaintiff, Daniel M. McDermott, the United States Trustee for Region 9, by and through counsel, respectfully bringing this action pursuant to under 11 U.S.C. §727(a) and (c), requests this Court deny Debtor Jose R. Villavicencio's discharge because he: (1) concealed estate property with intent to hinder or defraud creditors within a year of the petition being filed;  (2) made false oaths;  (3)  failed to keep or preserve any recorded information from which his financial condition or business transactions might be ascertained; and (4) failed to obey a Court Order.

In support of this complaint, the United States Trustee ("U.S. Trustee") states:

1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(J) and 1334.
2. The U.S. Trustee has standing to file this proceeding under 11 U.S.C. § 307 and 11 U.S.C. § 727(c)(1).

3. Venue for this proceeding is proper in the Southern District of Ohio pursuant to 28 U.S.C. § 1409(a).

4. This action arises under 11 U.S.C. § 727(a) and FED.R.BANKR.P. 7001(4).

5. Plaintiff, Daniel M. McDermott, is the United States Trustee for the Southern District of Ohio and maintains an office at 170 North High Street, Suite 200, Columbus, OH  43215.

6. This is a core proceeding, and the U.S. Trustee consents to final judgment of the Court.

7. Jose R. Villavicencio ("Defendant") resides at 3339 Daglow Road, Columbus, OH  43232.

8. The deadline for the U.S. Trustee to object to discharge is November 8, 2019.[1]

9. This adversary proceeding is timely filed.

## FACTS OF THIS CASE

### A. Bankruptcy history

10. Defendant filed for relief under Chapter 7 of the United States Bankruptcy Code on May 1, 2019, commencing Case No. 19-52861 ("Petition," Docket No. 1).

### B. Bankruptcy Schedules and Statements

<u>Signatures Under Penalty of Perjury</u>

11. Defendant signed the schedules and statements under penalty of perjury, declaring that the information disclosed in them was true and correct (Docket Nos. 1, 3, 4).

<u>Schedules A/B and C</u>

12. Defendant disclosed he owns the following parcels of real estate:

    - 44-46 S. Hague Avenue, Columbus, OH  43204
    - 483-5 S. Champion Avenue, Columbus, OH  43205
    - 1361 E. University Boulevard, Apt. 306, Law Vegas, NV  89119
    - 5465 Hansel Avenue, Camelot by the Lake, Orlando, FL  32809
    - 5449 Hansel Avenue, Camelot by the Lake, Orlando, FL  32809

13. Defendant disclosed he owns $500 in household goods and furnishings.

14. Defendant disclosed he owns $200 in electronics.

15. Defendant disclosed he owns $200 in clothing.

16. Defendant disclosed he had $2,000 on deposit at Fifth Third Bank in 2 bank accounts.

---

[1] *See*, Docket No. 36.  Chapter 7 Panel Trustee Myron Terlecky ("Trustee Terlecky") filed a Motion to Extend Time seeking an extension to December 31, 2019  (Motion at Docket No. 31, Order Granting Motion at Docket No. 38).

17. Defendant disclosed he owned the following business entities (with percentage of ownership):
    - South German Village LLC (5%) valued at $20,000
    - JVAT LLC (50%) with no value
    - AmeriFence LLC[2] (100%) with no value
    - Argous LLC (5%) valued at $2,500
    - JRV SEPIRA LLC (100%) with no value
    - South German Village Medical Inc. (100%) with no value
18. Defendant disclosed he owned a Madison Trust (JRV SEPIRA LLC) IRA with a balance of $240,000.
19. In total, Defendant disclosed $589,000 in real and personal property.
20. Defendant did not list any other financial assets.
21. Schedules A/B and C have not been amended.
22. Defendant exempted all equity in his assets, except for $175 in cash.

    Schedules I and J

23. Defendant disclosed he is Self-Employed by South German Village LLC, 1931 Parsons Avenue, Columbus, OH 43207.
24. Defendant was required to attach a statement for each business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income.
25. Defendant did not attach the required statement to the Petition.
26. Defendant's net monthly income is disclosed as $1,140.
27. Schedule J discloses monthly expenses of $1,135, leaving $5 of disposable income.
28. Schedule J, Line 24 states "Rent along with auto maintenance & insurance paid by LLC."
29. Schedules I and J have not been amended.

    **C. Meetings of Creditors**

30. Defendant appeared for the Meeting of Creditors before Trustee Terlecky on June 10, 2019 ("First Meeting") and July 15, 2019 ("Second Meeting").[3]

    First Meeting of Creditors

31. Defendant testified under oath that he read the petition, schedules, statements, and

---

[2] Schedule B discloses this entity as "Amerience," but Debtor testified at the First Meeting of Creditors that was a typographical error. The entity is actually called "AmeriFence."

[3] Transcripts for both Meetings were provided to Defendant's Counsel via email October 29, 2019.

3

    related documents prior to signing them.

32. Defendant testified the information contained in the petition, schedules, statements, and related documents is true and correct.

33. Defendant testified there were no errors, changes, or omissions to bring to Trustee Terlecky's or the Court's attention.

34. When Trustee Terlecky inquired whether Defendant listed everything that he owns, Defendant answered "I tried, yes."

35. When Trustee Terlecky inquired whether Defendant listed all his creditors, Defendant replied "I tried."

36. At the conclusion of the First Meeting, the U.S. Trustee requested that Defendant produce his personal tax returns for 2016, 2017, and 2018. He further requested bank statements before the Second Meeting so he could attempt to determine Defendant's income/withdrawals.

    <u>Second Meeting of Creditors</u>

37. Defendant confirmed that he reviewed his bankruptcy petition prior to filing.

38. Defendant was unable to describe his income, and how the figure disclosed on Schedule I was calculated.

39. Defendant testified he knew when he filed the petition that he owned a parcel of real estate in Virginia, and acknowledged the real estate is not disclosed on the schedules.

40. Defendant testified he has a "couple debts" that he did not list, including an obligation to Metro West for a Florida timeshare.

41. Defendant admitted the Florida timeshare is not disclosed on the Petition.

42. Defendant testified that he and the entity known as South German Village are "[o]ne and the same."

43. When yet another additional opportunity was offered by undersigned counsel to disclose any assets not listed on the Petition, Defendant testified he owns "five or six cars" which were not disclosed on the Petition or at the First Meeting.

**ALLEGATIONS AGAINST DEFENDANT JOSE R. VILLAVICENCIO**

**COUNT I**

**Defendant's Discharge Should Be Denied for Concealing Assets With Intent to Hinder or Delay Creditors Under 11 U.S.C. § 727(a)(2)(A)**

44. All of the preceding paragraphs are incorporated and re-alleged herein by reference.

45. Section §727(a)(2) states, "The court shall grant the debtor a discharge, unless . . . the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—(A) property of the debtor, within one year before the date of the filing of the petition; or (B) property of the estate, after the date of the filing of the petition."
46. Defendant concealed property with intent to defraud creditors.
47. Defendant testified at the Second Meeting that he owned real property in Virginia and Florida[4] that he failed to disclose as assets on Schedule A/B.
48. Defendant testified at the Second Meeting that he owns several cars that he failed to disclose as assets on Schedule A/B.
49. Defendant's concealment and purposeful failure to disclose assets of the estate warrants a denial of discharge under 11 U.S.C. §727(a)(2)(A).[5]

## COUNT II

### Defendant's Discharge Should Be Denied for Making False Oaths Under 11 U.S.C. § 727(a)(4)(A)

50. All of the preceding paragraphs are incorporated and re-alleged herein by reference.
51. Section 727(a)(4)(A) provides that the court may not grant a debtor a discharge if "the debtor knowingly and fraudulently, in or in connection with the case--(A) made a false oath or account . . . ."
52. The burden of proof lies with the plaintiff to establish five elements: (1) the debtor made a statement under oath; (2) the statement was false; (3) the debtor knew the statement was false; (4) the debtor made the statement with fraudulent intent; and (5) the statement

---

[4] The deed for Defendant's Florida timeshare was produced to the U.S. Trustee on November 4, 2019, and reflects that the Grantee is "South German Village Medical Ctr." Schedule A/B reflects Defendant owns 100% of "South German Village Medical Inc.," so the U.S. Trustee asserts Defendant is sole owner of the undisclosed Florida timeshare.

[5] *See*, Motion to Withdraw as Counsel filed by Defendant's first attorney, Matthew J. Thompson (Docket No. 20). Attorney Thompson alleged that "the Debtor has, *through non-disclosure of information to his attorney*, effectively destroyed the attorney-client bond between the parties." (italics added) Attorney Thompson was withdrawn from the case on July 23, 2019 (Docket No. 22). The U.S. Trustee was notified by Attorney Herbert Strayer ("Attorney Strayer") on September 5, 2019, that he was representing Defendant, and his Notice of Appearance was filed October 15, 2019 (Docket No. 44).

related materially to the bankruptcy case.[6]

### A. Statement under Oath

53. The first element to prove is whether Defendant made a statement under oath.
54. Bankruptcy schedules and SOFAs constitute statements made under oath.
55. Defendant's testimony at the Meetings of Creditors are statements made under oath.

### B. False Statements

56. The next element is whether Defendant made false statements.
57. Bankruptcy schedules with material misrepresentations or omissions constitute false statements under oath.
58. Defendant made a false statement when he signed his schedules, statements, and amendments.
59. Defendant made a false oath by failing to disclose parcels of real estate and motor vehicles on Schedules A/B.
60. Defendant made false statements at the First Meeting when he testified that his schedules were true and accurate and that he listed all of his assets.
61. Defendant made a false oath when he testified he listed all of his creditors.

### C. Knowing and Fraudulent

62. Once a false oath is demonstrated, the next element that needs to be addressed is whether Defendant made these false statements knowingly and fraudulently.
63. The aggregate omissions in Defendant's bankruptcy schedules and his testimony at the Meetings of Creditors demonstrate either Defendant's intent to defraud or his reckless indifference for the truth.
64. The facts and circumstances demonstrate Defendant either knowingly and intentionally made false oaths, or that Defendant acted with a reckless disregard for the truth.

### D. Materiality

65. Finally, Plaintiff must show that Defendant's false statements relate materially to the bankruptcy case.
66. Defendant's omissions and false oaths are directly related to his bankruptcy.
67. Defendant failed to accurately disclose his assets, debts, and all financial affairs. His

---

[6] *Keeney v. Smith (In re Keeney)*, 227 F.3d 679, 685 (6th Cir. 2000).

actions have made the information in his schedules unreliable. Further, Defendant's schedules have not been amended to correct for the non-disclosures and omissions.

68. A debtor who fails to disclose material information about their financial circumstances should not receive a discharge.

69. Defendant's false oaths warrant a denial of discharge under 11 U.S.C. §727(a)(4)(A).

## COUNT III

### Defendant's Discharge Should Be Denied for Concealing, Falsifying, and/or Failing to Keep Recorded Information From Which Debtor's Financial Condition or Business Transactions Might Be Ascertained Under 11 U.S.C. § 727(a)(3)

70. All of the preceding paragraphs are incorporated and re-alleged herein by reference.

71. Section §727(a)(3) states, "The court shall grant the debtor a discharge, unless . . . the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case."

72. Prior to the First Meeting, the U.S. Trustee requested certain documentation regarding Defendant's financial condition. The documents were not produced.

73. At the First Meeting, and in an email sent later the same day, the U.S. Trustee requested income verification and Defendant's Federal Income Tax Returns for 2016, 2017, and 2018.[7] The documents were not produced.

74. At the Second Meeting, the same documentation was requested. The next day, Defendant's counsel forwarded the following documents:

- Defendant's 2018 Federal Income Tax Return (purported)[8]
- Defendant's 2017 Federal Income Tax Return (purported)[9]

75. On August 7, 2019, the U.S. Trustee filed a Motion for Order Directing Debtor to Appear

---

[7] Defendant testified at the First Meeting that his Federal Income Tax Returns for 2016, 2017, and 2018 were filed in April or May 2019 at his Attorney Thompson's request. In other words, Defendant testified that he failed to timely file his personal income tax returns for 2016 and 2017.

[8] The Return was completed by hand and there is no evidence it was actually filed. Further, it is dated April 30, 2018, which is an error since it is for tax year 2018.

[9] The Return was completed by hand and there is no evidence it was actually filed. It is dated April 30, 2019.

7

at a FED.R.BANKR.P. 2004 Examination and Produce Documents (Docket No. 27), which was granted the same day ("Exam Order," Docket No. 28). The Exam Order required production of certain documents on or before September 9, 2019, including:

- Schedule I Profit and Loss/Income and Expense breakdown (required for Schedule I, Line 8a)("Income Documentation")
- Defendant's 2016 Federal Income Tax Return[10]

76. Defendant did not timely produce the Income Documentation.
77. The U.S. Trustee sent emails to Attorney Strayer on September 10 and 17, 2019, notifying him that the Income Documentation was still missing.[11]
78. As of the filing of this Complaint, the Income Documentation has not been produced.
79. Defendant's concealment, potential falsification of tax returns, and/or failure to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained warrants a denial of discharge under 11 U.S.C. §727(a)(3).

## COUNT IV

### Defendant's Discharge Should Be Denied for Refusing to Obey A Lawful Order of the Court Under 11 U.S.C. § 727(a)(6)(A)

80. All of the preceding paragraphs are incorporated and re-alleged herein by reference.
81. Section §727(a)(6)(A) states, "The court shall grant the debtor a discharge, unless . . . the debtor has refused, in the case – to obey any lawful order of the court, other than an order to respond to a material question or to testify: [TEXT OMITTED]....."
82. The Exam Order was entered on August 7, 2019, and required Defendant to produce Income Documentation by September 9, 2019.
83. As of the filing of this Complaint, the Income Documentation has not been produced. Further, Defendant has not provided an explanation or justification for his failure to comply with the Court Order.
84. Defendant's refusal to obey a lawful order of court warrants a denial of discharge under 11

---

[10] The U.S. Trustee was provided a copy of this tax return by Trustee Terlecky on or about August 15, 2019. The Return was completed by hand and there is no evidence it was actually filed. It is dated July 17, 2019, despite Defendant's testimony that it was filed in April or May 2019.

[11] Although the Examination was postponed, the document turnover deadline of September 9, 2019, remained the same (*see,* Docket No. 39).

U.S.C. §727(a)(6)(A).

## **CONCLUSION**

WHEREFORE, the U.S. Trustee respectfully prays that the Court:

- Enter a judgment declaring the Defendant's discharge denied under 11 U.S.C. §727(a)(2)(A);
- Enter a judgment declaring the Defendant's discharge denied under 11 U.S.C. §727(a)(4)(A);
- Enter a judgment declaring the Defendant's discharge denied under 11 U.S.C. §727(a)(3);
- Enter a judgment declaring the Defendant's discharge denied under 11 U.S.C. §727(a)(6)(A) and
- For such further relief as this Court deems just and proper.

Dated:  November 7, 2019          DANIEL M. McDERMOTT
                                  UNITED STATES TRUSTEE FOR REGION 9

                                  */s/ Pamela Arndt*
                                  Pamela Arndt (0068230)
                                  U.S. Department of Justice, U.S. Trustee Program
                                  170 North High Street, Suite 200
                                  Columbus, OH  43215
                                  Telephone:  (614) 469-7411 ext. 228
                                  Facsimile:  (614) 469-7448
                                  Email:  Pamela.D.Arndt@usdoj.gov

## **CERTIFICATE OF SERVICE**

      I hereby certify that on or about November 7, 2019, a copy of the foregoing COMPLAINT TO DENY DISCHARGE was served (i) electronically on the date of filing through the court's ECF System on all ECF participants registered in this case at the email address registered with the court and (ii) on the following by ordinary U.S. Mail addressed to:

Jose R. Villavicencio
P.O. Box 32185
Columbus, OH 43232
*Also served via U.S. Certified Mail, return receipt requested*

Herbert N. Strayer, Jr., Esq.
Strayer Legal
1071 S. High Street
Columbus, OH  43206


                                           */s/ Pamela Arndt*
                                           Pamela Arndt