UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | : | Case No. 19-52861 |
| JOSE R. VILLAVICENCIO, | : | |
| | : | Chapter 7 |
| | : | |
| Debtor. | : | Judge Hoffman |

**CHAPTER 7 TRUSTEE'S MOTION REQUESTING JUDICIAL NOTICE IN TRUSTEE'S OBJECTION TO DEBTOR'S CLAIM OF EXEMPTIONS**

Now comes Myron N. Terlecky, the Chapter 7 Trustee (the "Trustee") and hereby respectfully moves the Court to take judicial notice of the records of this proceeding pursuant to Federal Rule of Evidence 201 prior to entering a decision on Trustee's Objection heard at the December 14, 2020 Hearing (the "Hearing").

A Memorandum in Support is Attached.

Respectfully submitted,

  /s/  Myron N Terlecky
Myron N. Terlecky (0018628)
John W. Kennedy (0042672)
Strip, Hoppers, Leithart, McGrath & Terlecky Co., LPA
575 South Third St.
Columbus, OH  43215
Telephone (614) 228-6345
Facsimile (614) 228-6369
Email: mnt@columbuslawyer.net
    jwk@columbuslawyer.net
Attorneys for Chapter 7 Trustee

## **MEMORANDUM IN SUPPORT**

### **FACTS**

1. The Debtor filed Amended Schedules A/B and C on June 15, 2020 (Doc. 54) claiming an exemption in an asset described as Madison Trust (JRV SEPIRA LLC) (the "LLC") in the amount of $240,000 pursuant to O.R.C. §2329.66(A)(10)(b).

2. The issue of the allowance of this exemption is currently before the court on *Chapter 7 Trustee's Objection to Debtor's Claim of Exemption* (Doc. 55) and the *Supplement to Objection of Chapter 7 Trustee to Debtor's Claim of Exemptions* (Doc. 57), (together, the "Objection"); the *Response to Chapter 7 Trustee's Objection to Debtor's Claim for Exemption (Doc. 55) and Supplement (Doc. 57)* (Doc. 58) (the "Response") filed by the Debtor; and the *Reply of Chapter 7 Trustee to Response to Chapter 7 Trustee's Objection to Debtor's Claim for Exemption (Doc. 55) and Supplement (Doc. 57) (Doc. 58)* (Doc. 61) (the "Reply").

3. This Court held a hearing on the Objection and the Response on December 14, 2020 (the "Hearing").

4. On December 13, 2020, the Debtor filed Amended Schedules A/B and C (Doc. 76) (the "December 13 Amendment") asserting an exemption in the LLC pursuant to O.R.C. §2329.66(A)(10)(c).

### **ARGUMENT**

Federal Rule of Evidence 201(b) states "(T)he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1-2). The court may take judicial notice on its own or must take judicial notice if a party requests it and the court is supplied with the necessary

information. Fed. R. Evid. 201(c). The court may take judicial notice at any stage of the proceeding. Fed. R. Evid. 201(d).

In this matter, the December 13 Amendment was filed the calendar day prior to the Hearing. The Trustee went forward on the Objection and the parties agreed that the Objection would apply to the December 13 Amendment (See, Doc. 78). However, in filing his post-hearing brief in accordance with the terms on an Order of this Court (Doc. 77), it is clear that additional evidence in the form of pleadings with the court that have been incorporated into the court's records are needed. Those pleadings are the adversary proceedings filed in this case (see, *Coward v. Villavicencio*, Adv. Pro. No. 19-02097( Doc. 26) and *McDermont v. Villavicencio*, Adv Pro No. 19-02140 ( Doc. 45). These records may be accurately and readily determined as part of the record in ruling on the Objection. It is vital that the Court consider the full scope of conduct of the Debtor and information contained in the pleadings and documents submitted in rendering a decision on the Objection, particularly when the issues raised in the December 13 Amendment were raised for the first time the calendar day prior to the Hearing.

For the foregoing reasons, the Trustee respectfully requests that the Court take judicial notice of the court records filed in this proceeding prior to entering a judgement on the Trustee's Objection and grant such other and further relief as the court may deem appropriate.

Respectfully submitted,

 /s/   Myron N Terlecky
Myron N. Terlecky (0018628)
John W. Kennedy (0042672)
Strip, Hoppers, Leithart, McGrath & Terlecky Co., LPA
575 South Third St.
Columbus, OH  43215
T: (614) 228-6345   F: (614) 228-6369
Email: mnt@columbuslawyer.net
         jwk@columbuslawyer.net
Attorneys for Chapter 7 Trustee

## NOTICE OF CHAPTER 7 TRUSTEE'S MOTION REQUESTING JUDICIAL NOTICE IN TRUSTEE'S OBJECTION TO DEBTOR'S CLAIM OF EXEMPTIONS

The Chapter 7 Trustee has filed papers with the Court seeking to have the Court take judicial notice of pleadings filed in this case.

**Your rights may be affected.** You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you do not want the court to grant the relief sought in the Motion, **then on or before twenty-one (21) days from the date set forth in the certificate of service for the Motion,** you or your attorney must file with the court a response explaining your position by mailing your response by regular U.S. Mail to Clerk, United States Bankruptcy Court, 170 North High Street, Columbus, Ohio 43215, OR your attorney must file a response using the court's ECF system.

The court must **receive** your response on or before the above date.

You must also send a copy of your response either by 1) the court's ECF System, or by 2) first class U.S. Mail to:

United States Trustee  
170 North High Street, Suite 200  
Columbus, Ohio 43215

Myron N. Terlecky, Esq.  
Strip, Hoppers, Leithart, McGrath & Terlecky Co., LPA  
575 South Third Street  
Columbus, Ohio 43215

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the Motion and may enter an order granting that relief without further notice or hearing.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing CHAPTER 7 TRUSTEE'S MOTION REQUESTING JUDICIAL NOTICE IN TRUSTEE'S OBJECTION TO DEBTOR'S CLAIM OF EXEMPTIONS was served (i) **electronically** on the date of filing through the Court's ECF System on all ECF participants registered in the case at the email address registered with the Court and (ii) by **first class U.S. Mail** on January 25, 2021 addressed to:

Office of the U.S. Trustee  
170 North High Street, Suite 200  
Columbus, OH  43215

Herbert N. Strayer, Jr.  
1071 South High St.  
Columbus, OH 43206

Jose R. Villavicencio
P O Box 32185
Columbus, OH  43232

Also Served At:

Jose R. Villavicencio
3339 Daglow Rd.
Columbus, OH  43232

                                                                      /s/ Myron N. Terlecky
                                                                      Myron N. Terlecky (0018628)