UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

In re: : Case No. 19-52861
    JOSE R. VILLAVICENCIO, :
: Chapter 7
:
    Debtor. : Judge Hoffman

**TRUSTEE'S REPLY BRIEF IN SUPPORT OF
OBJECTION OF CHAPTER 7 TRUSTEE TO
DEBTOR'S CLAIM OF EXEMPTIONS (DOC. 55)**

Now comes Myron N. Terlecky, the Chapter 7 Trustee herein (the "Trustee"), by and through the undersigned counsel, and submits this Reply Brief in support of his *Objection of Chapter 7 Trustee to Debtor's Claim of Exemptions* (the "Objection") (Doc. 55) filed with this Court on July 14, 2020, pursuant to the terms of the *Agreed Order Setting Briefing Schedule* (Doc. 55) entered on December 21, 2020. For his Reply Brief, the Trustee states as follows:

On December 13, 2020, the day before the December 14, 2020 hearing on the Objection (the "Hearing"), Jose Villavicencio (the "Debtor") amended his Schedule C (the "December 13 Amendment") to claim an exemption in JRV SEPIRA LLC (the "LLC") pursuant to O.R.C. §2329.66(a)(10)(c). That section exempts:

> Except for any portion of the assets that were deposited for the purpose of evading the payment of any debt … the person's rights or interests in the assets held in, or to directly or indirectly receive any payment or benefit under, any individual retirement account …

Furthermore, at the Hearing, Debtor's counsel for the first time raised the application of O.R.C. §2329.66(a)(10)(g). That section provides:

> A person's interest in any plan, program, instrument, or device described in divisions (A)(10)(a) to (e) of this section shall be considered an exempt interest even if the plan, program, instrument, or device in question, due to an error made in good faith, failed to satisfy any criteria applicable to that plan, program, instrument, or device under the 'Internal Revenue Code of 1986' …

1

The Debtor now argues that the LLC is exempt pursuant to the combined effect of these sections even though the LLC ceased to be an individual retirement account ("IRA") as a result of the Debtor's self-dealing.  The Debtor's arguments fail for several reasons.  First, federal law controls what is, or is not, an IRA.  Second, the Debtor did not act in good faith in his conduct with the LLC.  Finally, the Debtor's position would lead to absurd results under Ohio's exemption scheme.

**A.    Federal Law Controls What is an IRA.**

Section 2329.66(a)(10)(c) exempts a person's interest in an "individual retirement account." As Judge Aug of this Court has held, "An IRA is a federally created investment vehicle with certain tax advantages. An IRA exists only because of the Tax Code. Therefore, we conclude that *it is entirely appropriate to look to the Tax Code to determine whether or not an investment vehicle is an IRA in the first place* or whether or not that investment vehicle has lost its status as an IRA." *In re Roberts*, 326 B.R. 424, 426-427 (Bankr. S.D. Ohio 2004) (emphasis added).  In the present case, for the reasons set forth in the Objection and the Supplement thereto, the LLC ceased to be an IRA, if it ever qualified as such, as of January 1, 2017.  Therefore, the LLC was not an "individual retirement account" in the first place and cannot be exempt under O.R.C. §2329.66(a)(10)(c).

The Debtor argues that the *Roberts* case is no longer good law due to the enactment of O.R.C. §2329.66(a)(10)(g). But as Judge Aug noted, an IRA only exists because of the Tax Code; therefore, one must look to the Tax Code to determine what is or is not an IRA. To allow the Ohio exemption statute to, in effect, resurrect an IRA under the Tax Code would violate the Supremacy Clause of the U.S. Constitution.  U.S. Const., art. VI, cl. 2.

2

Like the Debtor, the Trustee found no Ohio cases interpreting section 2329.66(a)(10)(g). In the absence of any decision from the Ohio Supreme Court applying ORC 2329.66(a)(10)(g), this Court is to "ascertain how [the Ohio Supreme Court] would rule if it were faced with this issue." *Meridian Mut. Ins. Co v Kellerman,* 197 F.3d 1178, 1181 (6th Cir. 1999). *See also In re Kimble*, 344 B.R. 546, 522 (Bankr. S.D. Ohio 2006).

While this Court has undertaken this analysis on statutory interpretation as set forth in *In re Nowak,* 414 B.R. 269 (Bankr. S.D. Ohio 2009), the Trustee would suggest that the statute simply does not apply due to the LLC ceasing to be an IRA in 2017, prior to this case being filed. If the Court should choose to interpret the statute, then there is ample evidence of the Debtor's bad faith and the only evidence of good faith is the self-serving statement of the Debtor.

Furthermore, section 2329.66(a)(10)(c) applies to an IRA "[e]xcept for any portion of the assets that were deposited for the purpose of evading the payment of any debt." There is ample evidence in this case that the Debtor set up various limited liability companies, including the LLC in question here, for the purpose of evading the payment of a large judgment taken against him, as more fully set forth below.

**B.     The Debtor Has Not Acted in Good Faith**

At the Hearing, the Debtor testified that he had no documents, including tax documents or filings, concerning the LLC. The Debtor merely offered a self-serving statement that any mistakes he made in connection with the LLC were made in good faith. The Debtor's testimony fits a familiar pattern in this case—the Debtor uses limited liability companies to purchase rental real estate and then claims that either (a) he owns only a small minority interest in the companies or (b) as in this matter, that the company qualifies as an individual retirement account. However, the Debtor has never produced any documents or tax filings to support his assertions. He has never

3

provided any documentation demonstrating distributions from his companies to members, and he has never provided any tax filings to support the existence of an IRA. At the Hearing, the Debtor admitted that the LLC owns 11 pieces of real estate.

The December 13 Amendment was filed the calendar day prior to the Hearing. The Trustee went forward on the Objection and the parties agreed that the Objection would apply to the December 13 Amendment (See, Doc. 78). However, in filing this post-hearing brief in accordance with the terms on an Order of this Court (Doc. 77), it became evident that additional evidence in the form of pleadings in this case is needed. Contemporaneous with the filing of this Reply Brief, the Trustee has filed, out of an abundance of caution, the *Chapter 7 Trustee's Motion Requesting Judicial Notice in Trustee's Objection to Debtor's Claim of Exemption* in accordance with Federal Rule of Evidence 201. While the Court may take judicial notice on its own, the foregoing Motion seeks a direct request for the Court to do so. Because the filing of the December 13 Amendment was the calendar day before the hearing, the Trustee wasn't prepared to address the evidentiary issues that arose as a result of that pleading. However, with judicial notice of adversary proceedings filed in this case [see, *Coward v. Villavicencio*, Adv. Pro. No. 19-02097( Doc. 26) (the "Coward Lawsuit") and *McDermont v. Villavicencio*, Adv Pro No. 19-02140 ( Doc. 45) (the "UST Lawsuit")], the Trustee would submit that the Court will have sufficient evidence to determine the lack of good faith by the Debtor.

A review of the pleadings both in the Coward Lawsuit and the UST Lawsuit, coupled with the evidence presented in this case, will lead to the following findings:

1. A lawsuit was filed against the Debtor for medical malpractice and wrongful death on September 15, 2013 (the "Coward Wrongful Death Case").

4

2. A decision awarding a judgment against the Debtor in the amount of $950,000.00 compensatory damages and $1,900,000 in punitive damages was rendered on March 1, 2016.

3. The Debtor into a Stipulation and Agreed Order waiving and denying the dischargeability of the obligation owed in the Coward Lawsuit.

4. The UST Lawsuit sought a denial of the Debtor's discharge pursuant to 11 U.S.C. 727(a) and (c) based upon concealing estate property with intent to hinder or defraud creditors within the year of the Petition being filed, make false oaths, failing to preserve any recorded information from which his financial condition or business transactions might be ascertained, and for failing to obey a Court Order.

5. On September 28, 2020, the Debtor entered into a Stipulation and Agreed Order waiving and denying a discharge based upon the allegations of the United States Trustee. See, UST Lawsuit, Doc. 12.

6. In 2017, the Debtor formed the LLC and purchased 11 pieces of real estate after the judgment was issued in the Coward Wrongful Death Case.

Notwithstanding the Stipulation in the Coward Lawsuit and in the UST Lawsuit, and his testimony that there are no records for any of the limited liability companies listed in his Schedules of Assets and Liabilities (See, Doc. 1), the Debtor would have this Court believe that his conduct regarding the LLC was a "good faith" error. The only evidence is the self-serving statements of the Debtor.

The weight of the documentary evidence and the pleadings filed in this case outweighs the self-serving statements of the Debtor that he acted in good faith. The Debtor in this case has acted in a way that it anything but good faith. The Debtor's conduct has been a pattern of failing to

disclose assets, failing to produce supporting documentation, and while facing a wrongful death judgment, purchased real estate in the name of the LLC in an effort to shield it from his creditors. Debtor's conduct throughout this proceeding has been a pattern of failing to disclose assets and failing to produce supporting documents—this is hardly the kind of "good faith error" to which section 2329.66(a)(10)(g) should apply.

**C.     The Trustee Has Met His Burdens of Production and Persuasion**

Pursuant to Fed. R. Bankr. P. 4003(c), "the objecting party has the burden of proving that … exemptions are not properly claimed." Fed. R. Bankr. P. 4003(c). The objecting party "bears the burden of proving that the exemption is not applicable," *Zingale v. Rabin (In re Zingale)*, 693 F.3d 704, 707 (6th Cir. 2012), by a preponderance of the evidence, *In re Kimble*, 344 B.R. 546, 551 (Bankr. S.D. Ohio). The objecting party has the initial burden to produce evidence rebutting the presumed validity of the exemption. If the objecting party meets this burden, then the burden of production shifts to the debtor. As this Court has held:

> [a] claimed exemption is presumptively valid. When an exemption has been claimed, it is the objecting party's burden … to prove that the exemption is not properly claimed. This means that the objecting party initially has the burden of production and the burden of persuasion. The objecting party must offer evidence to rebut the presumptively valid exemption. If the objecting party produces evidence to rebut the exemption, the burden of production shifts to the debtor to demonstrate the propriety of the claimed exemption.

*In re Peacock*, 292 B.R. 593, 596 (Bankr. S.D. Ohio 2002) (citations omitted).

In the present case, the Trustee met his initial burden of proof. The Trustee has demonstrated, and the Debtor has conceded, that the LLC ceased to be an IRA, if it ever qualified as such, in 2017. Therefore, any exemption provided by O.R.C. §2329.66(a)(10)(c) for an "individual retirement account" was not properly claimed. The burden of production then shifted to the Debtor to demonstrate the propriety of the claimed exemption. The Debtor failed in this regard. The Debtor produced no evidence that the LLC was, in fact, an IRA when the exemption

6

was claimed. Indeed, the Debtor produced no tax documents or other evidence that the LLC was ever treated as a separate entity apart from the Debtor. The Debtor's only response is that he made mistakes in "good faith." The Trustee has met his burden of production and burden of persuasion by demonstrating that the actions of the Debtor in establishing the LLC was done in bad faith so as to evade the judgment entered in the Coward Wrongful Death Case. The admissions of the Debtor in the UST Lawsuit counter the self-serving statement of the Debtor that he acted in good faith. The claimed exemption under O.R.C. §2329.66(a)(10)(c) should be disallowed.

**C.     The Debtor's Position Would Lead to Absurd Results**

Finally, if the Court were to accept the Debtor's argument that his conduct in connection with the LLC constitutes "good faith error," this finding would lead to absurd results under Ohio's exemption statute, O.R.C. §2329.66. Under the Debtor's interpretation of the statute, any debtor could own an unlimited amount of property in a limited liability company and designate it as an individual retirement account, while remaining willfully ignorant, as the Debtor claims here, of any IRS laws or regulations concerning such accounts. This result is clearly contrary to the policies of the exemption statute which are "(1) providing the debtor with that property which is necessary for their survival; (2) enabling the debtor to rehabilitate themselves; and (3) protecting the debtor's family from the adverse effects of impoverishment." *In re Williams*, 345 B.R. 853, 855 (Bankr. N.D. Ohio 2006) (citing *In re Bunnell*, 322 B.R. 331, 333 (Bankr. N.D. Ohio 2005). Allowing debtors to shield unlimited assets is an absurd result and not the intent of section 2329.66(a)(10)(g).

Based upon the foregoing, it is respectfully requested that this Court enter an Order (1) disallowing the exemption in the Madison Trust JRV SEPIRA LLC claimed pursuant to O.R.C. §2329.66(A)(10)(c), and (2) granting such other and further relief as is appropriate.

    Respectfully submitted,

    /s/ Myron N. Terlecky
Myron N. Terlecky (0018628)
John W. Kennedy (0042672)
Strip, Hoppers, Leithart, McGrath & Terlecky Co., LPA
575 South Third St.
Columbus, OH 43215
Telephone (614) 228-6345
Facsimile (614) 228-6369
Email: mnt@columbuslawyer.net
    jwk@columbuslawyer.net
Attorneys for Chapter 7 Trustee

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing TRUSTEE'S REPLY BRIEF IN SUPPORT OF OBJECTION OF CHAPTER 7 TRUSTEE TO DEBTOR'S CLAIM OF EXEMPTIONS (DOC. 55) was served (i) **electronically** on the date of filing through the Court's ECF System on all ECF participants registered in the case at the email address registered with the Court and (ii) by **first class U.S. Mail** on January 25, 2021 addressed to:

Jose R. Villavicencio
P O Box 32185
Columbus, OH  43232

Also Served At:

Jose R. Villavicencio
3339 Daglow Rd.
Columbus, OH  43232

    /s/ Myron N. Terlecky
Myron N. Terlecky