UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | : | Case No. 19-52861 |
| | : | |
| Jose R. Villavicencio, | : | Chapter 7 |
| | : | |
| Debtor. | : | Judge Hoffman |

**MOTION OF CHAPTER 7 TRUSTEE
FOR EXAMINATION OF DEBTOR AND FOR PRODUCTION OF DOCUMENTS
PURSUANT TO BANKRUPTCY RULE 2004**

Now comes Myron N. Terlecky, the Chapter 7 Trustee (the "Trustee") for the bankruptcy estate of Jose R. Villavicencio (the "Debtor"), through the undersigned counsel, and moves the Court for an Order, pursuant to the provisions of Rule 2004(a) of the Rules of Bankruptcy Procedure ("Rule 2004"), requiring the Debtor to appear and be examined by the Trustee and/or his counsel. Further, the Trustee requests that the Debtor be required to produce certain documents as set forth herein. The Trustee requests that the examination be conducted at Strip, Hoppers, Leithart, McGrath & Terlecky Co., LPA, 575 South Third Street, Columbus, Ohio 43215 on **August 18, 2022, at 10:00 a.m.,** or such other time and place as mutually agreed to by the parties. A Memorandum in Support follows.

Respectfully submitted,

/s/ John W. Kennedy
Myron N. Terlecky (0018628)
John W. Kennedy (0042672)
Strip, Hoppers, Leithart, McGrath & Terlecky Co., LPA
575 South Third St.
Columbus, OH 43215
Telephone (614) 228-6345
Facsimile  (614) 228-6369
Email: mnt@columbuslawyer.net
         jwk@columbuslawyer.net
Attorneys for Chapter 7 Trustee

1

**MEMORANDUM IN SUPPORT**

1. Jose R. Villavicencio (the "Debtor") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on May 1, 2019 (the "Petition Date").

2. Myron N. Terlecky is the duly appointed Chapter 7 trustee (the "Trustee") herein.

3. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§157 and 1334 and by the Order of Reference in this District. Venue of the Debtor's Chapter 7 case is proper pursuant to 28 U.S.C. §§1408 and 1409. This is a core proceeding under 28 U.S.C. §157(b)(2)(A) and (O).

4. The Trustee desires to examine the Debtor under oath concerning the Debtor's acts, conduct and property, specifically the Debtor's interest in and connection to the following entities:

   a. JRV Sepira LLC ("JRV"), which is property of the bankruptcy estate;

   b. South German Village Medical, Inc. ("SGV Medical"), which is property of the bankruptcy estate;

   c. Argous LLC ("Argous"), in which the Debtor claims an ownership interest; and

   d. South German Village LLC ("SGV"), in which the Debtor claims an ownership interest (JRV, SGV Medical, Argous and SGV are referred to collectively as the "Entities").

5. The Trustee further requests that the Debtor be ordered to provide documents to the Trustee or his counsel at the examination as identified in Exhibit A attached hereto.

6. Federal Rule of Bankruptcy Procedure 2004 provides that, upon the motion of any party in interest, the Court may order the examination of any party with respect to the following:

   a. The debtor's acts, conduct or property;

   b. The debtor's liabilities or financial condition; or

2

   c. Any other matter that may affect the administration of the debtor's bankruptcy estate or the right of the debtor to receive a discharge.

7. Further, section (c) of Rule 2004 states in relevant part as follows: "The attendance of any entity for examination and for the production of documents or electronically stored information … may be compelled as provided in Rule 9016 for the attendance of a witness at a hearing or trial."

8. The scope of a Rule 2004 examination is broad. *In re Washington Mutual, Inc.*, 408 B.R. 45 (Bankr. D. Del. 2008); *In re Bennett Funding Group, Inc.*, 203 B.R. 24 (Bankr. N.D.N.Y. 1996); *In re Enron Corp.*, 281 B.R. 836 (Bankr. S.D.N.Y. 2002). The general purpose of a Rule 2004 examination is to review the condition of the bankruptcy estate for the rights and benefits of creditors. *In re Express One Int'l Inc.*, 217 B.R. 215, 216 (Bankr. E.D. Tex. 1998).

9. The proposed examination of the Debtor constitutes an investigation into the Debtor's property and financial condition pursuant to 11 U.S.C. §541. The scope of the Trustee's proposed Rule 2004 examination of the Debtor clearly falls within the broad confines established by relevant case law.

10. The requested documents relate to property of the Debtor's bankruptcy estate, are matters that affect the administration of the Debtor's bankruptcy estate and determine the Debtor's financial condition. Accordingly, these matters are also the proper subject of a Rule 2004 examination.

11. Pursuant to this Court's General Order No. 12-4, no 21-day notice is required with this Motion, and a proposed order will be submitted to the Court.

Based upon the foregoing, it is respectfully requested that the Court issue an Order directing the Debtor to appear for examination and to produce the documents and materials

designated herein pursuant to Rule 2004 of the Rules of Bankruptcy Procedure, and that the Court grant such other and further relief as is appropriate.

                        Respectfully submitted,

                        /s/ John W. Kennedy
                        Myron N. Terlecky (0018628)
                        John W. Kennedy (0042672)
                        Strip, Hoppers, Leithart, McGrath & Terlecky Co., LPA
                        575 South Third St.
                        Columbus, OH 43215
                        Telephone (614) 228-6345
                        Facsimile (614) 228-6369
                        Email: mnt@columbuslawyer.net
                                jwk@columbuslawyer.net
                        Attorneys for Chapter 7 Trustee

**Exhibit A**

**Definitions**

As used herein, the following words shall have the meanings indicated:

1. "You" or "your" means and refers to Jose R. Villavicencio, his agents and all others acting on his behalf.

2. "Entities" means and refers to JRV Sepira LLC, South German Village Medical, Inc., Argous LLC and South German Village LLC.

3. "Document" or "documents" are intended to be as comprehensive as the meaning provided in Rule 2004 of the Federal Rules of Bankruptcy Procedure and in Rules 26 and 34 of the Federal Rules of Civil Procedure, and mean, without limitation, writings and printed matter of every kind and description, photographs and drawings, records (tape, disc, or other) of oral communications, agreements, correspondence, electronic mail, text messages, SMS messages, telegrams, memoranda, summaries or records of telephone conversations, CD-ROMs, disks, diskettes, summaries or records of personal interviews, diaries, graphs, reports, notebooks, notes, charts, plans, schedules, maps, summaries or records of meetings or conferences, summaries or reports of investigations or negotiations, opinions or reports of consultants, contracts, agreements, agendas, appraisals, final and preliminary loan opinions, closing sheets or statements, loan applications, promissory notes, security agreements, financing statements, leases, checks, cancelled checks, statistical records, computer printouts, books of accounts, records and invoices reflecting business operations, any notes or drafts relating to the foregoing and all things similar to any of the foregoing however denominated. "Documents" includes "electronically stored information," as that term is used in Rules 26 and 34 of the Federal Rules of Civil Procedure.

**Requests for Production**

1. All documents in any way related to the operation of the Entities, including without limitation all books and records of each of the Entities, articles, by-laws, operating agreements, record books, account ledgers, minutes, written actions by members or shareholders, and any other documents concerning the governance and operation of each of the Entities.

2. All tax related documents for you and for each of the Entities, including but not limited to tax returns, Forms K-1, statements, worksheets and correspondence to members or shareholders for the years 2017 through the present.

3. All documents related to the real estate owned by the Entities, including without limitation all leases, rent rolls, account ledgers, a list of all tenants including names, addresses and phone numbers and any other documents concerning leases of all real estate owned by the Entities.

4. All bank account statements since the Petition Date for all bank accounts maintained by you and/or the Entities.

       5.      A list of all creditors of each of the Entities, including each creditor's name, address, amount owed and the nature of the debt.

       6.      All documents related to all sources of income for you from the Petition Date to the present, sufficient to identify, for each source of income: the name, address and phone number of each source including account numbers where applicable.

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing MOTION OF CHAPTER 7 TRUSTEE FOR EXAMINATION OF DEBTOR AND FOR PRODUCTION OF DOCMENTS PURSUANT TO BANKRUPTCY RULE 2004 was served (i) **electronically** on the date of filing through the court's ECF system on all ECF participants registered in the case at the email addresses registered with the court, and (ii) by **first class U.S. Mail** on July 29, 2022, addressed to:

Office of the U.S. Trustee
170 North High Street, Suite 200
Columbus, OH 43215

Herbert N. Strayer, Jr.
1071 S. High Street
Columbus, OH 43206

Jose R. Villavicencio
P O Box 32185
Columbus, OH  43232

Also Served At:

Jose R. Villavicencio
3339 Daglow Rd.
Columbus, OH  43232

Mark J. Bamberger, Esq.
PO Box 189
Spring Valley, OH 45370

                                                /s/ John W. Kennedy
                                                John W. Kennedy (0042672)