FILED OH S BANKRUPTCY
JUN 24 2024 AM9:03

United States Bankruptcy Court
Southern District of Ohio

Jose Villavicencio

Judge John Hoffman

vs

Myron Terlecky
Trustee

Case No 2:19-bk-52861

The bankruptcy filer, Jose Villavicencio, responds to the trustees motion dated
June 07, 2024.

I, Jose Villavicencio have not been able to afford legal representation and have made
valiant attempts to represent my own case in this bankruptcy court. The fact that the US
Supreme Court has denied my certiorari led me to believe that the case was closed. If this
were not the case, I would like to do as the trustee suggested: to present pertinent facts
that were not considered in the original case filing as well as plead for the measures that I
believe will provide relief.

In my filing on August 28, 2023 (Appellant's Response to Brief Filed by Appellee July 26,
2023 - see Appendix A), I indicated that in my attempt to appeal the decision of Judge
Morrison, I have discovered that there were errors in the land contract document as drafted
by my family attorney of 20 yrs, Michael Vasko. This land contract is the one piece of
document or transaction that was used to invalidate the exemption of 9 other transactions
that would passed muster on their own. Upon reviewing the document as part of my
attempt to appeal the decision of the district court, I found out that the contract between
Joseph Miccio and JRV Sepira LLC was dated to January 1 2017 (see Appendix B). The
problem with this is that the LLC was non existent at that time: it was set up by Broad
Financial almost 4 weeks later (January 26, 2017 see Appendix C). The funding actually

came much later - after March 3 2024, as evidenced by the email of Madison Trust asking how to transfer the roll over from my retirement funds with a previous employer to another personal retirement account (see Appendix D).

While not an expert on legal contracts, it is nevertheless the immediate take of a layman such as I that because the entity was non-existent at the time of contract, that the contract becomes invalid. The land contract is null and void, and the basis for the disqualification of the exemptions is gone. The accuracy of dates is something that I know something about, since some real estate transactions I had in the past 20 years have fallen apart for much lesser errors.

The situation is indeed ironic. The attorney who drafted the land contract between Miccio and JRV Sepira LLC, changing what was in essence a land contract transaction between Miccio and Jose Villavicencio( who has been making payments since 2012 on his only place of residence since 1996), not only failed to research the legal repercussions of such a move, but actually failed to check the dates as to when the entities came into legal existence. This compound double error is a corrective divine intervention to rectify an injustice brought about by the legalistic and pharisaic approach of trustee Terlecky.

It was naive of me to expect the appellate courts to admit new evidence - but then I had no prior experience. . But in as much as my discovery came after the initial hearing under Judge Hoffman, I would like to get a new hearing on this piece of evidence, in the hope that if my argument is found to be valid, that this oversight error coming on top of a a financial planning error would result in allowing the exemptions to stand. In particular, the 9 other separate independent transactions that constituted my retirement account will be seen as valid exemptions, even if they had been denied by a highly restrictive interpretation by this court of section 2329.66(A)(10)(g).


Respectfully Yours

*Jose Villavicencio*

Jose Villavicencio
1664 Parsons Avenue
Columbus OH 43207
614 972 3126
joevillaoh@gmail.com

**APPENDIX A**

RECEIVED
8/28/2023
DEBORAH S. HUNT, Clerk

No. 23-3154

### IN THE UNITED STATES COURT OF APPEALS

### FOR THE SIXTH CIRCUIT

JOSE R. VILLAVICENCIO

**Appellant**

**VS**

MYRON N. TERLECKY, TRUSTEE

**Appellee.**

On Appeal from the United States District Court for
the Southern District of Ohio, Case No. 22-cv-00918

## APPELLANT'S RESPONSE TO BRIEF FILED BY APPELLEE JULY 26, 2023

The appellant, Jose Villavicencio, responds to the brief filed by trustee,

Myron Terlecky, dated 07/26/2023. Clearly conscious of the accusations by

The trustee that the 'Appellants's arguments are scattered and hard toFollow, I nevertheless forward the following arguments.

### A. The Appellant had a full and fair opportunity to present evidence.

On page 4 of Mr. Terlecky's brief, he argues that the Appellant had full opportunity to present evidence, in as much as appellant's counsel denied having anything further to add or change. Had appellant himself been asked the same question, the answer would have been the same. The appellant had been previously dropped by Michael Thompson, the original bankruptcy attorney who alleged that the appellant had not 'followed the game plan'. After experiencing the difficulty of finding legal representation, it is understandable for the appellant to keep quiet and let the attorneys do their jobs. It can be argued however, that it is only in this current court can this pro se appellant bring matters without worrying about a legal strategy.

### B. The appellant is trying to advance a different bite of the apple and as such, is disrupting orderly trial procedure (page 8 ).

The trustee argues that judgment on this case should be mainly made on the legalistic approach to court judgment upholding orderly trial procedure. . No

new evidence or view should be admitted and review should solely be done

on whether the bankruptcy and the district court had been good referees and

arbiters of logic and order. The matter of a senior citizen losing his

retirement should be cast aside. Nevertheless, the whole spirit of bankruptcy

law has been to give the appellant a wider leeway than simple procedural

integrity and mere inductive logic would. In page 13, he argues that judgment

should be based on whatever view was brought up before the bankruptcy

court and the district court, and that any unfavorable outcome must be

addressed by the appellant going after his attorneys for damages. This is

illogical, unrealistic, goes against the spirit of the bankruptcy law, and is

something that only a Pharisee in ancient times would have done. This

likewise assumes that the appellant has vast resources and is on even

footing with all other parties in the bankruptcy case

### B More ways to bite an apple, but just do not disturb the elephant in the the room.

The trustee just about rebuts every argument forwarded by the appellant except the

validity of the document from which originates his argument of why the exemption should

be stripped from this IRA. The land contract that lead to what the trustee called a backfire

is not a valid one for the reason brought up by the appellant in the original filing with the

Sixth Circuit Court. : it documents a contract between 2 entities where only one exists.

This argument I made my attorney asked me not to bring up. But the contract in all its fatal

Case: 23-3154   Document: 20   Filed: 08/28/2023   Page: 4

flaw was there for all to see since it was admitted as one of the exhibits in the bankruptcy court.Trustee states on page 7 that 'a party may not by-pass the fact-finding process of the lower court and introduce new facts in its brief on appeal." But there is no new facts introduced: the land contract was there for everyone's perusal and review, both by the bankruptcy court and the de novo review by the district court.


Is this fatal flaw something that this current court of appeals should ignore since it wasnt expressly dissected for lower courts?? Every argument made by the trustee in front of the bankruptcy and the district court derives legitimacy from this land contract. But He failed to check for the validity of this contract even though he admitted them in his exhibits.On page 6 of his brief Trustee states that Bankruptcy court findings of fact are reviewed for clear errors, something that obviously did not happen here. In his latest filing with the bankruptcy and district courts where he petitioned to start selling the properties in the Sep-IRA even before this venerable court had rendered a judgement, he mentions the absence of an operating agreement for JRV Sepira LLC, This is clearly falls, and something that he overlooked as well - copies of the agreement were on file even at the Court of Common Pleas when this banruptcy case originated from.

Does the procedures of the court allow him to bury this inconvenient fact?? Since none of the attorneys brought it up>? Should this appellant then petition for a mistrial instead?? This is also part of the issues that this court should consider, not just whether we passed the logic test and conformed to procedural integrity. It should indeed be the task for the higher court to decide whether this trustee should be allowed to base his primary argument on a document which holds no legal standing. Doe s pointing out the obvious in

the exhibits constitute a new factual finding that must therefore be stricken> The failure of the district court to uncover the discrepancy in its "de novo" review should likewise properly situate this case in this venerable court of appeal.

As the trustee himself quotes on page 11 of his brief, " the court will not consider arguments raised for the first time on appeal unless our failure to consider the issue will result in plain miscarriage of justice.". Is this not what is going to happen here if this lapse in the review of the land contract on part of all attorneys on this case is not revisited in this higher court??

### C. Interpreting the savings clause

Trustee shifts burden of proof and asks appellant for cases to support opposite view. This application of Federal Rule of Bankruptcy Procedure 4003(c) in this this case solely rests on the basis of the prohibited transaction. Does one error, inadvertent on this case, reverse the onus of providing the burden of proof to the appellant? Is it all about procedural integrity?? Is this something that the sixth circuit court can review?? There appears to be no prior cases applying the savings clause here in Ohio, and so the need to decide on this case other than just the basis of logic and procedural integrity acquires added significance.

In the view of a lack thereof of precedents, the trustee anchors his argument on the Bauman case from a different state. As mentioned in the arguments filed by the appellant, this case is vastly different from the appellant's: Mr Bauman repeatedly carried out and applied his views of his sep-ira on multiple transactions , whereas the appellant had one specific point in time drafted with the help of a professional what now seems to be a fatally flawed document anyway. Appellant did not redraft or have the opportunity to question the validity of the instrument once it was recorded.


It is for this court to decide whether the 'the blissful ignorance' or the 'inattention' that the bankruptcy court lays on the appellants situation is indeed the case. Again, the exhibits and admissions were made and agreed to by the parties, , but the interpretation of these exhibits is what Appellant is asking this court to decide.


E. **More on the savings act**


Trustee claims that the savings act cannot be used to act as a pass to retirement vehicles that violate the Bankruptcy law. The IRS passed ths laws, and the courts must look to how the IRS adjuticates these vehicles. Where

the retirement plan is wrong, as everybody concedes the land contract is, in most cases the IRS imposes and penalty and allows correction. The judgment of the bankruptcy court that the the law is reserved for draftsman errors (isn't this drafting by my attorney a draftsman error as well??} is being appealed to this Court of Appeals. This narrow interpretation of the law is being appealed. Indeed, the appellant now expounds on his belief that the essence of this law is differentiating between an honest and inadvertent mistake, which everyone now agrees this land contact was (even though it now appears to have no legal standing as pointed out above) or a self serving one, e.g., an aggressive interpretation of IRS laws such as the case of Baumann. It is a differentiation between an error made in good faith and an sophisticated

contraption made in an attempt to defraud investors . Failure to familiarize with the IRS Rules, was blamed on passivity and inactivity on part of the appellant. Again, the number of transactions that were performed by the appellant on his own recognizance have all been admitted to the exhibits : all nine transactions he did on his own passed muster. Surely the blissful ignorance and passive inattention that the bankruptcy court had labeled this appellant is farther from the truth than the fact that the error was inadvertent,may be not much different from a draftsman error, brought about by unjustified trust on legal counsel.

To this appellant, The spirit of the law is not limited to a draftsman error, something clerical, minute, a missing period, inconsequential in so far as the essence of the retirement investment is concerned. The narrow interpretation by the bankruptcy court ignores the plain wording, which appears to be consciously comprehensive, and all inclusive and embracing.

A person's interest in any plan, program, instrument or device described in $2329.66(a)(10)(g) interest in any plan, program, instrument, or device shall be considered exempt interest even if the plan, program, instrument or device in question, due to an error made in good faith, failed to satisfy any criteria applicable.
The proper interpretation of this law is what is brought to bear in this hallowed Court of Appeals., (once again in the light of a land contract document that has no legal standing. Indeed, this venerable court should go beyond being a mere arbiter of procedural integrity and consider why what appears to be a purposefully broad law be narrowly applied to merely draftsmen errors.

Far from being a 'get-out-of-jail-free card' that the trustee quotes from the Bauman case, or a 'bless prohibited transactions by participants in self directed IRA's, the prescience of the drafters of the Savings Clause simply recognizes the complexity of the IRS Codes ( one of the most complex in the

world). This appellant did not engage in this prohibited transaction to go on and find a house to purchase and live in, going forward, a house that his privileged IRA assets could purchase for him.

**Conclusion:**

This venerable Court of Appeals should not act as mere referee to the rules of order that overwhelmingly seeks to just uphold procedural integrity without regard to miscarriage of justice. There are major issues of burden shifting, anchoring arguments on instruments with no legal standing, pursuing amends and compensation through another court, limiting the Savings Act to a draftsman error instead of what appears to be a more expansive view. It should review this case de novo, and make decisions while giving the appellant a wider leeway than previous courts have done.

Respectfully submitted by:

*Jose Villavicencio*
Jose Villavicencio

Appellant

23-5134

RECEIVED
CLARENCE E. MINGO II
NOV 17 2017
FRANKLIN COUNTY AUDITOR
BY

APPENDIX B

# LAND CONTRACT

THIS AGREEMENT made and entered into on this 1ˢᵗ _____ day of __January_____, 2017 by and between **Joseph F. Miccio**, hereinafter called Seller, and **JRV SEPIRA, LLC** and/or assigns, hereinafter called Buyer: The Seller, for and in consideration of the **sum of $104,000.00 dollars in hand** paid by the Buyer, receipt of which is hereby acknowledged, hereby sells to Buyer, his/her heirs or assignees, the premises situated in the City of **Columbus**, County of **Franklin**, State of **Ohio**, legally described as:

Street Address: **3339 Daglow Road, Columbus, OH 43232** and consisting of House and 5.401 **acres** of land upon the following TERMS and CONDITIONS:

1. Personal Property: Said lease shall include the following personal property; **None.**

2. Term: The term hereof shall commence on the _1st____ day of _January_____, 2017, and continue for a period of **120** months thereafter.

3. Payment: shall be **$867.00** per month, plus the real estate taxes, payable in advance, upon the **first day** of each calendar month to Seller or his/her authorized agent at the following address:

**Joseph F. Miccio at: 3301 Daglow Road, Columbus, OH 43232.**

or at such other places as may be designated by Seller from time to time. In the event Payment is not paid within five (5) days after due date, Buyer agrees to pay a late charge of **$25.00** plus interest at 6% per annum on the delinquent amount.

The payment of **$866.67** per month, breaks down as follows: $___867_____towards Mortgage. $_____584___ towards Taxes. $___0.00_____towards Insurance. Buyer shall pay all future tax increases

4. Utilities: Buyer shall be responsible for the payment of all utilities and services..

5. Use: The premises shall be used as a residence and for no other purpose without prior written consent of Seller.

6. Assignment and Subletting: Buyer may assign this agreement or sublet any portion of the premises without prior written consent of the Seller.

7. Maintenance, Repairs, Or Alterations: Buyer shall maintain the premises in a clean and sanitary manner including all equipment, appliances, furniture and furnishings therein, and shall surrender the same at termination thereof, in as good condition as received, normal wear and tear excepted. Buyer shall be responsible for damages caused by his/her negligence and that of his/her family, or invitees or guests. Buyer shall maintain any surrounding grounds, including lawns and shrubbery, and keep the same clear of rubbish and weeds, if such grounds are part of the premises and are exclusively for use of the Buyer.

1

8. Entry and Inspection: Buyer shall permit Seller or Seller's agents to enter the premises at reasonable times and upon reasonable notice for the purpose of inspecting the premises or for making necessary repairs.

10. Possession: If Seller is unable to deliver possession of the premises at the commencement hereof, Seller shall not be liable for any damage caused thereby nor shall this agreement be void or voidable, but Seller shall not be liable for any rent until possession is delivered. Buyer may terminate this agreement if possession is not delivered within **30 days** of the commencement of the term hereof.

11. Security/Option Consideration: The security deposit of **$0.00** shall secure the performance of the Buyer's obligations hereunder. Sellor may, but shall not be obligated to, apply all or portions of said deposit on account of Buyer's obligations hereunder. Any balance remaining upon termination shall be returned to Buyer.

12. Deposit Funds: Any returnable deposits shall be refunded within fifteen (15) days from the date possession is delivered to Seller or his/her authorized agent.

13. Attorney Fees: The prevailing party shall be entitled to all costs incurred in connection with any legal action brought by either party to enforce the terms hereof or relating to the demised premises, including reasonable attorneys' fees.

14. Notices: Any notice which either party may or is required to give may be given by mailing the same, postage prepaid, to Buyer e or at such other places as may be designated by the parties from time to time.

15. Heirs, Assigns, Successors: This contract shall include and insure to and bind the heirs, executors, administrators, successors, and assigns of the respective parties hereto.

16. Time: This offer shall terminate if not accepted before the 30th_____ day of January_____, 2017.

17. Holding Over: Any holding over after expiration of the term of this contract, with the consent of the Seller, shall be construed as a month-to-month tenancy in accordance with the terms hereof, as applicable.

18. Default: If Buyer shall fail to pay paymentswhen due or perform any term hereof after not less than three (3) days written notice of such default given in the manner required by law, the Seller at his/her option may terminate all rights of the Buyer hereunder, unless Buyer, within said time, shall cure such default. If Buyer abandons or vacates the property while in default of payment of rent, Seller may consider any property left on premises to be abandoned and may dispose of the same in any manner allowed by law. In the event the lessor reasonably believes that such abandoned property has no value, it may be discarded.

19. Right To Sell: Seller warrants to Buyer that Seller is the legal owner of the premises and has the legal right to sell leased premises under the terms and conditions of this agreement.

2

IN WITNESS WHEREOF, the parties hereto have executed this agreement the day and year first above written.

_Jose Villavicencio_                                3539 ONCLOW Rd, Columbus OH 932

Buyer ' RV SEPIRA LLC                    **ADDRESS**
          JOSE VILLAVICENCIG MANAGING MEMBER

Print Name

NOTARY ACKNOWLEDGMENT
[R.C. §2133.02(8)(2)]

State of Ohio                )
County of Franklin      ) ss.

On October 20 2011, _____, before me, the undersigned notary public, personally appeared declarant of the above **Land Contract**, and who has acknowledged that (s)he executed the same for the purposes expressed therein. I attest that the declarant appears to be of sound mind and not under or subject to duress, fraud or undue influence.

_Michael P. Vasko_

Notary Public

My Commission Expires:    Michael P. Vasko, Attorney at Law
                          Notary Public, State of Ohio
                          Life Time Commmission
                          Section 147.03 R.C.

This Instrument Prepared By:
Michael P. Vasko, Esq.
Michael P. Vasko, Legal, LLC
19 North High Street
Canal Winchester, OH 43110
Phone: 6114-834-9880

3

_____                    3308 Dnglow Rd
Seller                                    ADDRESS

    Joseph F. Miccio
Print Name

NOTARY ACKNOWLEDGMENT
[R.C. §2133.02(8)(2)]

State of Ohio              )
County of Franklin         ) ss.

On    October 27 2017 _____, before me, the undersigned notary
public, personally appeared declarant of the above **Land Contract**, and who has
acknowledged that (s)he executed the same for the purposes expressed therein. I attest that
the declarant appears to be of sound mind and not under or subject to duress, fraud or undue
influence.

_____
Notary Public

My Commission Expires: _____
                        Michael P. Vasko
                        Notary Public State of Ohio
                        Life Time Commmission
                        Section 147.03 R.C.

This Instrument Prepared By:
Michael P. Vasko, Esq.
Michael P. Vasko, Legal, LLC
19 North High Street
Canal Winchester, OH 43110
Phone: 6114-834-9880

4



| DATE | DOCUMENT ID | DESCRIPTION | FILING | EXPED | PENALTY | CERT | COPY |
|------|-------------|-------------|--------|-------|---------|------|------|
| 01/31/2017 | 201702601616 | DOMESTIC FOR PROFIT LLC - ARTICLES OF ORG (LCP) | 99.00 | 0.00 | 0.00 | 0.00 | 0.00 |

**Receipt**

This is not a bill. Please do not remit payment.

BROAD FINANCIAL
21 ROBERT PITT DRIVE
MONSEY, NY 10952

---

# S T A T E   O F   O H I O
## C E R T I F I C A T E

### Ohio Secretary of State, Jon Husted
#### 3984050

It is hereby certified that the Secretary of State of Ohio has custody of the business records for

**JRV SEPIRA LLC**

and, that said business records show the filing and recording of:

Document(s)                                        Document No(s):

**DOMESTIC FOR PROFIT LLC - ARTICLES OF ORG**          **201702601616**
**Effective Date:  01/26/2017**



United States of America
State of Ohio
Office of the Secretary of State

Witness my hand and the seal of the
Secretary of State at Columbus, Ohio this
31st day of January, A.D. 2017.

*Jon Husted*

**Ohio Secretary of State**



**Form 533A Prescribed by:**
**Ohio Secretary of State**
### JON HUSTED
#### Ohio Secretary of State

Central Ohio: (614) 466-3910
Toll Free: (877) SOS-FILE (767-3453)
*www.OhioSecretaryofState.gov*
*Busserv@OhioSecretaryofState.gov*

Date Electronically Filed: 1/26/2017

# Articles of Organization for a Domestic
# Limited Liability Company

**Filing Fee: $99**

## CHECK ONLY ONE (1) BOX

(1) ☒ Articles of Organization for Domestic
For-Profit Limited Liability Company
(115-LCA)

(2) ☐ 2Articles of Organization for Domestic
Nonprofit Limited Liability Company
(115-LCA)

Name of Limited Liability Company    JRV SEPIRA LLC

Name must include one of the following words or abbreviations: "limited liability company," "limited," "LLC," "L.L.C.," "ltd., "or "ltd"

Effective Date  1/26/2017
(Optional)      mm/dd/yyyy

(The legal existence of the limited liability company begins upon the filing
of the articles or on a later date specified that is not more than ninety days
after filing)

This limited liability company shall exist for
(Optional)                                      Period of Existence

Purpose
(Optional)

## **Note for Nonprofit LLCs

The Secretary of State does not grant tax exempt status. Filing with our office is not sufficient to obtain state or federal tax
exemptions. Contact the Ohio Department of Taxation and the Internal Revenue Service to ensure that the nonprofit
limited liability company secures the proper state and federal tax exemptions. These agencies may require that a purpose
clause be provided.

# ORIGINAL APPOINTMENT OF AGENT

The undersigned authorized member(s), manager(s) or representative(s) of

JRV SEPIRA LLC

Name of Limited Liability Company

hereby appoint the following to be Statutory Agent upon whom any process, notice or demand required
or permitted by statute to be served upon the limited liability company may be served. The name and
address of the agent is

JOSE R. VILLAVICENCIO

Name of Agent

3339 DAGLOW RD

Mailing Address

| COLUMBUS | OH | 43232 |
|---|---|---|
| City | State | ZIP Code |

# ACCEPTANCE OF APPOINTMENT

The undersigned, JOSE R. VILLAVICENCIO                                named herein as the statutory agent

Statutory Agent Name

for JRV SEPIRA LLC

Name of Limited Liability Company

hereby acknowledges and accepts the appointment of agent for said limited liability company

Statutory Agent Signature JOSE R. VILLAVICENCIO

Individual Agent's Signature / Signature on Behalf of Business Serving as Agent

By signing and submitting this form to the Ohio Secretary of State, the undersigned hereby certifies that he or she has the requisite authority to execute this document.

**Required**

Articles and original appointment of agent must be signed by a member, manager or other representative.

| RAVEN ANTHONY, ORGANIZER |
| --- |

Signature

| |
| --- |

If authorized representative is an individual, then they must sign in the "signature" box and print their name in the "Print Name" box.

By (if applicable)

| |
| --- |

Print Name

If authorized representative is a business entity, not an individual, then please print the business name in the "signature" box, an authorized representative of the business entity must sign in the "By" box and print their name in the "Print Name" box.

| |
| --- |

Signature

| |
| --- |

By (if applicable)

| |
| --- |

Print Name

| |
| --- |

Signature

| |
| --- |

By (if applicable)

| |
| --- |

Print Name



Please specify that you would like us to send your funds via wire.

Please also advise us of the name of the Bank that is holding the LLC Bank Account.

**Thank you,**

**The Madison Trust Support Team**
Madison Trust Company
[P] 845.947.1000
[F] 845.947.1212
[E] support@madisontrust.com

cid:image001.jpg@01CFA5BA.CD436580

*This email and any attachments are confidential and intended for the sole use of the recipient. If you are not the intended recipient, please notify immediately Madison Trust Com[*

**From:** joevillaoh@aol.com [mailto:joevillaoh@aol.com]
**Sent:** Friday, March 03, 2017 1:00 PM
**To:** Support At Madison Trust <support@madisontrust.com>
**Subject:** JRV Sepira LLC

Routing no is 0440000024;
Acct no. is 0189 3409 228
Sent from AOL Mobile Mail

( Reply )  ( Forward )  😊