## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

In re:                              :        Case No. 19-52861
                                    :        Chapter 7
    Jose R. Villavicencio,        :
                                    :        Judge Hoffman
    Debtor.                       :

### AMENDED JOINT MOTION OF THE CITY OF COLUMBUS, OHIO, AND NEW PERSPECTIVE ASSET MANAGEMENT, LLC, FOR RELIEF FROM AUTOMATIC STAY RELATED TO REAL ESTATE OWNED BY JRV SEPIRA, LLC, AND SOUTH GERMAN VILLAGE MEDICAL CENTER
### (Amending Motion at Doc. 152)

The City of Columbus, Ohio (the "City"), and New Perspective Asset Management, LLC ("NPAM" and, together with the City, the "Movants"), jointly move this Court pursuant to 11 U.S.C. §§ 362(d)(1) and (2), Rule 4001 of the Federal Rules of Bankruptcy Procedures, and Local Bankruptcy Rule 4001-1 for an order lifting the automatic stay in this case as it relates to certain real property owned by JRV SEPIRA, LLC ("JRV"), and South German Village Medical Center LLC ("SGVMC").[1] Those properties are (the "Properties"):

    i.    2-8 Reeb Ave., Columbus, OH 43207, Parcel No. 010-053241-00, which is owned by JRV (the "JRV Property");

    ii.    36 E. Innis Ave., Columbus, OH 43207, Parcel No. 010-050784-00, which is owned by SGVMC;

    iii.    463 S. 22nd St., Columbus, OH 43205, Parcel No. 010-030360, which is owned by SGVMC;

    iv.    669 S. 22nd St., Columbus, OH 43205, Parcel No. 010-043166, which is owned by SGVMC; and

---

[1] This is an amended motion. The purpose of the amendment is to add a fifth property that was mistakenly omitted from the prior filing: 36 E. Innis Ave.

v.     377 Berkely Rd., Columbus, OH 43205, Parcel No. 010-043652, which is owned by

SGVMC (with the 22nd St. and Innis Ave. properties, the "SGVMC Properties").

The Properties are subject to two lawsuits pending in the Franklin County Municipal Court,

Environmental Division (the "Environmental Court"), captioned *City of Columbus, Ohio v. South*

*German Village Medical Center, LLC, et al.*, Case No. 2016 EVH 60013 (relating to the SGVMC

Properties), and *State Ex. Rel Columbus City Atty., Zach Klein v. South German Village, LLC, et*

*al.*, Case No. 2021 EVH 60053 (relating to the JRV Property). Those cases have been consolidated

with three other civil cases (together, the "Consolidated State Cases"[2]) wherein the City has sought

to enforce its residential and building codes in relation to over twenty properties that have been

declared public nuisances by the Environmental Court.

During the course of this bankruptcy case, Myron N. Terlecky, as chapter 7 trustee (the

"Trustee") for the bankruptcy estate of Jose R. Villavicencio (the "Debtor"), has pursued, among

other claims, a claim of substantive consolidation against JRV. *See Terlecky v. South German*

*Village, LLC, et al.,* Adv. Pro No. 21-2019 (the "Substantive Consolidation Case"). In addition,

the Trustee has obtained an order permitting him to liquidate the assets of JRV (Doc. 139). Further,

it has recently been determined that SGVMC was not a valid legal entity with the State of Ohio,

and there may be a claim by the Trustee that the assets of SGVMC are actually property of the

Debtor. Thus, with these developments, it appears prudent to obtain relief from stay.

In the Consolidated State Cases, pursuant to motions filed by the City, the Environmental

Court appointed NPAM as a receiver over the Properties to enforce the public nuisance violations

at the Properties in accordance with Ohio Revised Code § 3767.41 (the "Revised Code"). *See* 11

U.S.C. § 362(b)(4) (stay not applicable to governmental enforcement of police and regulatory

---

[2] The "Consolidated State Cases" include Case Nos. 2016 EVH 60013, 2021 EVH 60053, 2022 EVH 60082, 2022
EVH 60507, and 2022 EVH 60624 before the Environmental Court.

power). Now, however, the public nuisances have been abated at one or more of the Properties, and the Revised Code permits a receivership sale to cover the costs of the nuisance abatement which may not fall under the governmental police power exception to the automatic stay. The Trustee has participated in the Consolidated State Cases and agrees that it is appropriate for the Properties to be sold, with appropriate reporting and accounting such that any interest of the bankruptcy estate will be turned over. He has indicated that he will approve an agreed order granting this motion.

A memorandum in support follows. The Movants have not included the LBR Form 4001-1(a)(1) with this motion because it is not applicable to this situation. There is no mortgage debt or arrearage related to this circumstance. Notwithstanding, as required by the Local Rules, copies of all applicable documents related to the Movants' interest in this case are being attached to the motion.

Respectfully submitted,

 /s/  James A. Coutinho
James A. Coutinho     (0082430)
Andrew D. Rebholz    (0102192)
Allen Stovall Neuman & Ashton LLP
10 W. Broad St., Ste. 2400
Columbus, OH 43215
T: (614) 221-8500     F: (614) 221-5988
coutinho@asnalaw.com; rebholz@asnalaw.com
*Counsel for New Perspective Asset Management*

&

CITY OF COLUMBUS, DEPARTMENT OF LAW
ZACH KLEIN, CITY ATTORNEY

 /s/  Christopher C. Clark
Christopher C. Clark   (0096257)
Robert R. Doersam     (0097844)
375 S. High St., 17th Floor
Columbus, OH 43215

Office: (614) 645-5670
ccclark@columbus.gov
rrdoersam@columbus.gov
*Counsel for the City of Columbus, Ohio*

<u>**MEMORANDUM IN SUPPORT**</u>

## I.   BACKGROUND INFORMATION

### A.   The Bankruptcy Proceeding & Automatic Stay

1.      The Debtor initiated this bankruptcy proceeding on May 1, 2019, with the filing of his voluntary petition for relief under chapter 7 of the Bankruptcy Code (the "Petition").

2.      Pursuant to 11 U.S.C. § 362(a), the filing of the Debtor's Petition operated as an automatic stay on, among other things, "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate". 11 U.S.C. § 362(a)(3). The stay does not apply, however, to certain governmental actions in relation to the enforcement of their policy and regulatory powers. 11 U.S.C. § 362(b)(4).

3.      Among the assets listed in the Debtor's bankruptcy schedules is his interest in JRV, which entity is the owner of one of the Properties. The Debtor did not list in his schedules (either the original ones or any amended version) any interest in an entity known as South German Village Medical Center, LLC, nor does it appear that the Debtor lists the SGVMC Properties in his schedules.

4.      At the time this case was filed, there was a pending receivership over various properties owned or controlled by the Debtor and his entities. Creditor Verna R. Coward sought relief from stay so that the receivership could continue (Doc. 19) and the Court, on July 24, 2029, entered the *Order Granting Motion of Verna R. Coward and Verna R. Coward Administrator of the Estate of Frederick N. Coward, Jr. for Relief From Stay* (Doc. 23). Ultimately, for reasons that are not germane to this motion, that receivership was terminated.

5.      Since then, the Trustee alleged that the Debtor and JRV should be substantively consolidated, and therefore filed the Substantive Consolidation Case, which remains pending but may be nearing a settled resolution.

6.      The Trustee has also received authority from the Court to liquidate the assets of JRV. *See Order Granting Motion of Chapter 7 Trustee for Authority to Liquidate Assets of JRV SEPIRA LLC* (Doc. 139).

**B.      Background of JRV SEPIRA, LLC**

7.      JRV was formed by the Debtor on January 31, 2017, with the Ohio Secretary of State (the "SoS").

8.      According to the Franklin County Auditor, JRV acquired the JRV Property on or about April 17, 2017.

9.      JRV also owns several other properties that are not the subject of this motion and are anticipated to be liquidated by the Trustee.

**C.      Background of "South German Village Medical Center LLC"**

10.      On January 11, 1999, the Debtor registered for a trade name with the SoS. The exact trade name registered was "South German Village Medical Center" (the "First Trade Name"). A copy of the First Trade Name registration is attached as Exhibit A.

11.      The First Trade Name was cancelled by the SoS for failure to file a renewal of the trade name on January 12, 2004.

12.      Several years later, on September 25, 2007, Joseph F. Miccio ("Mr. Miccio") filed another trade name registration with the SoS to register "South German Village Medical Center" (the "Second Trade Name"). Mr. Miccio's registration references that the trade name was

previously used for the First Trade Name registered in 1999. A copy of the Second Trade Name registration is attached as Exhibit B.

13.     The Second Trade Name was also cancelled by the SoS for failure to file a trade name renewal of on September 25, 2012.

14.     According to the Franklin County Auditor, on or about September 26, 2012, the 669 S. 22nd St. property was acquired by SGVMC, which did not exist at that time as a trade name or registered Ohio entity.

15.     According to the Franklin County Auditor, on or about September 26, 2012, the 377 Berkely Rd. property was acquired by SGVMC, which did not exist at that time as a trade name or registered Ohio entity.

16.     According to the Franklin County Auditor, on or about February 25, 2013, the 36 E. Innis Ave. property was acquired by SGVMC, which did not exist at that time as a trade name or registered Ohio entity.

17.     According to the Franklin County Auditor, on or about January 13, 2017, the 463 S. 22nd St. property was acquired by SGVMC, which did not exist at that time as a trade name or registered Ohio entity.

18.     Since then, additional properties have been titled in the name of SGVMC despite there being no registered name or entity, but those other properties are not the subject of this motion (because they are not subject to the receivership proceedings).

19.     Most recently, on August 31, 2023, the Debtor filed another trade name registration with the SoS for "South German Village Medical Center LLC" ("SGVMC") (the "Third Trade Name").

20.     In the Third Trade Name registration, the Debtor was referred to as the manager of SGVMC. A copy of the Third Trade Name registration is attached as <u>Exhibit C</u>.

**D.      Procedural History of the Consolidated State Cases**

21.     The first of the Consolidated State Cases, Case No. 2016 EVH 60013 (the "Initial Case"), was filed by the City on January 12, 2016, seeking enforcement of R.C. § 3767, *et seq.*, and certain titles of the Columbus City Code to abate the nuisances at various Properties.

22.     SGVMC was named as a defendant in the Initial Case.

23.     Over time, the City filed other cases with allegations of public nuisances at approximately 20 different properties owned by various entities that were owned or controlled by the Debtor. Those cases were consolidated by the Environmental Court.

24.     None of the subject properties were titled in the name of the Debtor directly.

25.     After the Environmental Court had determined that the Properties contained public nuisances in need of abatement, the City filed its *Motion to Appoint Receiver* on July 17, 2023 (the "Motion to Appoint"). The Motion to Appoint was based on R.C. § 3767.41, which references the State's police power for the appointment of a receiver and the priming of liens on subject properties to pay for the nuisance abatement.

26.     The Environmental Court granted the Motion to Appoint on August 21, 2023 (the "Receiver Order"), authorizing and empowering the Receiver to abate the nuisances at the Properties.

27.     A copy of the Receiver Order is attached as <u>Exhibit C</u>.

28.     Pursuant to the Receiver Order, NPAM has been managing and rehabilitating the Properties in preparation to eventually market and sell the Properties to maximize the receivership estate. The purpose of the sale of the Properties is to pay for the costs of the abatement of the public nuisances and the receivership expenses as permitted under R.C. § 3767.41.

**E.      Discussions between the Movants & the Trustee**

29.     The Trustee is aware of the Consolidated State Cases and has appeared at hearings before the Environmental Court in his capacity as Trustee.

30.     The City, NPAM, and Trustee have been in communication related to the Properties, discussing the interaction of this bankruptcy case and the Consolidated State Cases. They have discussed that, as the nuisances on the Properties are abated, NPAM will eventually seek to sell the Properties.

31.     From there, it was discussed whether relief from stay was necessary. The focal point of that discussion has been whether the Properties are owned by an entity known as SGVMC, or if they are actually the property of the Debtor and thereby fall under his bankruptcy estate.

32.     The Trustee expressed concern that the SGVMC Properties more closely resemble property of the Debtor, given that SGVMC was not an active, registered entity when the Petition was filed and that the Debtor was managing the real estate at that time. Further, if SGVMC was an active entity, then the Debtor would have been the active manager and operator of that entity's operations as its sole owner.

33.     On the other hand, the City and NPAM have expressed concerns that the SGVMC Properties are not the property of the Debtor, based on the documented involvement of Mr. Miccio in the registration history of SGVMC.

34.     Given the difficulties involved in determining ownership of the SGVMC
Properties, the Trustee and Movants have agreed it is best for the Movants to seek relief from stay
before this Court, in order to complete the receivership process before the Environmental Court.

35.     Relief from the automatic stay imposed by the Debtor's filing would allow NPAM
to complete the sale of the Properties in the Consolidated State Cases.

36.     The Trustee and Movants have further agreed that any funds left over from the sale
of the Properties after the administration of the receivership will be held pending order from the
Environmental Court as to their disposition. The Trustee will be able to make a claim in the
Consolidated State Cases for any surplus sale proceeds.

## II.     LAW & ARGUMENT

The Bankruptcy Code provides that the automatic stay imposed by 11 U.S.C. § 362 may
be lifted "for cause". *See* 11 U.S.C. § 362(d)(1). Courts consider a variety of factors when
determining whether cause exists, including judicial economy, the potential burden to the
bankruptcy estate, and the impact on other creditors. *See Junk v. Citimortgage, Inc. (In re Junk)*,
512 B.R. 584, 607 (Bankr. S.D. Ohio 2014); *Garzoni v. K-Mart Corp. (In re Garzoni)*, 35
Fed.Appx. 179, 181 (6th Cir. 2002). This is a non-exhaustive list of factors, and other courts in the
Sixth Circuit have considered additional factors, such as when the expertise of a state court is
needed to resolve a question of state law, see *McSwain v. Williams (In re Williams)*, 2012 WL
2974914, at *2 (Bankr. W.D. Tenn. July 20, 2012), or when the non-bankruptcy litigation has
reached a particularly advanced stage. *See In re Martin*, 542 B.R. 199, 203 (6th Cir. B.A.P. 2015).

Cause exists in this case to lift the automatic stay and allow the receivership in the Consolidated State Cases to continue toward a sale of the Properties.[3] Allowing NPAM to market and sell the Properties promotes judicial economy and reduces any similar burden that may have been incurred by the Trustee's efforts to sell that same real estate. Further, the Trustee will be able to make a claim if it is determined that the Debtor is the owner of the SGVMC Properties, and he will be able to obtain any net proceeds of the JRV Property which he liquidating in any event.

Moreover, the Consolidated State Cases have reached a particularly advanced stage through the enforcement of the Ohio nuisance laws, such that NPAM is nearly ready to sell the properties after the nuisances have been abated. Substantial work has gone into abating the nuisances, and Ohio law calls for the Properties to be sold to pay for those repairs in accordance with the process set out in R.C. § 3767.41. Because the receivership process is well underway, and the sale of the Properties would not diminish the value of the Debtor's estate, the Court should grant this motion for relief from stay and permit the receivership sales to continue.

## III.    CONCLUSION

Based on the foregoing, the Movants respectfully request that the Court enter an order granting them relief from the automatic stay as set forth above.

<div style="margin-left: 40%;">

Respectfully submitted,

 /s/  James A. Coutinho
James A. Coutinho    (0082430)
Andrew D. Rebholz    (0102192)
Allen Stovall Neuman & Ashton LLP
10 W. Broad St., Ste. 2400
Columbus, OH 43215
T: (614) 221-8500    F: (614) 221-5988
coutinho@asnalaw.com; rebholz@asnalaw.com
*Counsel for New Perspective Asset Management*

</div>

---

[3] Up until this point, the City's actions have been to enforce the Columbus City Code and have the public nuisances at the Properties abated, which would not be subject to the automatic stay in accordance with 11 U.S.C. § 362(b)(4).

CITY OF COLUMBUS, DEPARTMENT OF LAW
ZACH KLEIN, CITY ATTORNEY

 /s/  Christopher C. Clark
Christopher C. Clark   (0096257)
Robert R. Doersam     (0097844)
375 S. High St., 17th Floor
Columbus, OH 43215
Office: (614) 645-5670
ccclark@columbus.gov
rrdoersam@columbus.gov
*Counsel for the City of Columbus, Ohio*

DOC ID ----> 199901200889
Case 2:19-bk-32861   Doc 173   Filed 08/12/24   Entered 08/12/24 10:43:29   Desc Main
Document   Page 13 of 38

EXHIBIT A
Page 1 of 3



Prescribed by
**BOB TAFT, Secretary of State**
30 East Broad Street, 14th Floor
Columbus, Ohio 43266-0418

Approved
Date
Fee  $20.00

# TRADE NAME REGISTRATION

**1.** The exact Trade Name being registered is  *SOUTH GERMAN VILLAGE MEDICAL CENTER*

(SEE INSTRUCTIONS # 1 ON REVERSE)

> Please note that registration of a trade name is NOT an AUTHORIZATION from the Secretary of State's office to use the name. Registration under a particular name means that the name is available for registration pursuant to the name availability standard set forth in Ohio Revised Code Section 1329.02. Registration with the Secretary of State's office will not protect the user from any lawful claims of persons/entities having superior rights in the same or a similar name.

**2.** The registrant is: (check appropriate box)
☑ an individual      ☐ a General Partnership
☐ a Limited Partnership; County in OHIO where certificate or application of limited partnership is filed in; OR Secretary of State Registration no._____
☐ an Ohio Limited Liability Company, registration no._____
☐ an Ohio corporation, charter no._____

☐ a foreign corporation incorporated in the state of _____ holding Ohio license no._____
(SEE  INSTRUCTIONS # 2 ON REVERSE)
☐ an unincorporated association
☐ a foreign limited liability company organized in the state of_____ and holding Ohio registration no._____

**3.** The name of the registrant designated in item 2 is:  *JOSE VILLAVICENCIO, M.D.*

NOTE: Where the registrant is a partnership, the name of the partnership must appear on this line. If the registrant is a foreign corporation licensed in Ohio under an assumed name, both the assumed name and actual corporate title of such corporation must appear on this line.

**4.** The business  address of the registrant is:  *1722 SOUTH HIGH ST*
_(Street address)_
*COLUMBUS*                *FRANKLIN* County, *OH*          *43207*
(City, village or Township)                                    (State)            (Zip Code)
NOTE: P.O. Box addresses are not acceptable.

**5.** Complete only if registrant is a partnership:
**NAMES OF ALL GENERAL PARTNERS**                **COMPLETE RESIDENCE ADDRESS**
(including zip code)

*N/A*

NOTE: Pursuant to OAG 89-081, if a general partner is a foreign (out-of-state) corporation, it must be licensed to transact business in Ohio; if a general partner is a foreign corporation licensed in Ohio under an assumed name, please note both the assumed name and actual corporate title of such general partner.

**6.** The nature of business conducted by the registrant under the trade name is (please be specific):
*medical service*

**7.** The registrant has been using this trade name since:  *01 / 11 / 99*
(SEE INSTRUCTION # 3 ON REVERSE)                month    day    year
This document is signed by a corporate officer, general partner, association member or officer, or the individual registrant.

By: *Jose Villavicencio*

TRADNM

DOC ID ---> 199901200889    Case 2:19-bk-52861    Doc 173    Filed 08/12/24    Entered 08/12/24 10:43:29    Desc Main
Document      Page 14 of 38

EXHIBIT A
Page 2 of 3

☐ CODE FILING

☐ CORPORATIONS FILING

**CORPORATIONS ONLY**
☐ EXPEDITE
SERVICE

**CORRESPONDENCE**



PLEASE RETURN THE ATTACHED DOCUMENTS TO:

JOSE VILLAVICENCIO, M.D., P.C
NAME OF YOUR FIRM OR COMPANY

JOE VILLA
ATTENTION

1722 SOUTH HIGH ST, COLUMBUS OH 43207
STREET, CITY, STATE, ZIP CODE

~~COLUMBUS~~    614  444 5244
TELEPHONE   NUMBER

**UCC ONLY**
☐ MAIL    ☐ PICK-UP
IF NOT CHECKED IT WILL BE MAILED.

DOC ID ---> 199901200989    Case 2.19-bk-52861    Doc 173    Filed 08/12/24    Entered 08/12/24 10:43:29    Desc Main
Document     Page 15 of 38

EXHIBIT A
Page 3 of 3

| | DATE | DOCUMENT NO | DESCRIPTION | | FILING | EXPED | PENALTY | CERT | COPY |
|---|---|---|---|---|---|---|---|---|---|
| 1. | 1/15/1999 | 199901200989 | RNO  TRADE NAME/ORIGINAL FILING | | 20.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | | | | TOTAL | 20.00 | 0.00 | 0.00 | 0.00 | 0.00 |

**Return To:**
**JOSE VILLAVICENCIO**
**ATTN J VILLA**
**1722 S HIGH ST**
**COLUMBUS, OH 43207-0000**

------------------------------------------------cut along the dotted line------------------------------------------------



# *The State of Ohio*
## ❧ *Certificate* ❧

### *Secretary of State - J. Kenneth Blackwell*

### *1053995*

*It is hereby certified that the Secretary of State of Ohio has custody of the business records for SOUTH GERMAN VILLAGE MEDICAL CENTER and that said business records show the filing and recording of:*

| | |
|---|---|
| <u>Document(s)</u> | <u>Document No(s):</u> |
| *TRADE NAME/ORIGINAL FILING* | *199901200989* |
| *Date of First Use: 1/11/99* | *Applicant:* |
| *Expiration Date: 1/11/04* | *JOSE VILLAVICENCIO* |
| | *1722 S HIGH ST* |
| | *COLUMBUS, OH 43207-0000* |

United States of America
State of Ohio
Office of the Secretary of State

Witness my hand and the seal of the Secretary
of State at Columbus, Ohio, This 11th day of
January, A.D.  1999

J. Kenneth Blackwell
Secretary of State



| DATE: | DOCUMENT ID | DESCRIPTION | FILING | EXPED | PENALTY | CERT | COPY |
|-------|-------------|-------------|--------|-------|---------|------|------|
| 09/26/2007 | 200726900576 | TRADE NAME/ORIGINAL FILING (RNO) | 50.00 | .00 | .00 | .00 | .00 |

## Receipt
This is not a bill. Please do not remit payment.

SOUTH GERMAN VILLAGE MEDICAL CENTER
1730 S. HIGH ST
COLUMBUS, OH 43207

# S T A T E   O F   O H I O
## C E R T I F I C A T E
### Ohio Secretary of State, Jennifer Brunner

**1729326**

It is hereby certified that the Secretary of State of Ohio has custody of the business records for

**SOUTH GERMAN VILLAGE MEDICAL CENTER**

and, that said business records show the filing and recording of:

Document(s)                                                        Document No(s):
**TRADE NAME/ORIGINAL FILING**                                     **200726900576**
    Date of First Use:    01/11/1999           JOSEPH F. MICCIO
    Expiration Date:     09/25/2012           1730 SOUTH HIGH ST
                                   COLUMBUS, OH 43207

Witness my hand and the seal of
the Secretary of State at Columbus,
Ohio this 25th day of September,
A.D. 2007.

United States of America
State of Ohio
Office of the Secretary of State

Ohio Secretary of State

**EXHIBIT B**
**Page 2 of 3**



Prescribed by:

The Ohio Secretary of State
Central Ohio: (614) 466-3910
Toll Free: 1-877-SOS-FILE (1-877-767-3453)

www.sos.state.oh.us
e-mail: busserv@sos.state.oh.us

| Expedite this Form: (Select One) | |
|---|---|
| ~~Mail Form to one of the Following~~ | |
| ○ Yes | PO Box 1390 Columbus, OH 43216 |
| *** Requires an additional fee of $100 *** | |
| ○ No | PO Box 670 Columbus, OH 43216 |

# NAME REGISTRATION
*(For Domestic/Foreign Profit or Nonprofit)*
Filing Fee $50.00

THE UNDERSIGNED HEREBY STATES THE FOLLOWING:

**(CHECK ONLY ONE (1) BOX)**

| (1) ☑ Trade Name (16?-BNO) Date of first use  O1 | 11 | 1959  MM/DD/YYYY | (2) ☐ Fictitious Name (169-NFO) | (3) Name Reservation (160-NRO) ☐ Original ☐ Renewal Registration No. ___ |
|---|---|---|

---

**Complete the information in this section if box (1) or (2) is checked.**

The exact name being registered or reported is    SOUTH GERMAN VILLAGE MEDICAL CENTER

### The Registrant is (Check Appropriate Box)

☑ Individual
☐ Limited Partnership: Reg. No. _____
☐ Ohio Limited Liability Co., Reg. No. _____
☐ Ohio Corporation, Charter No. _____
☐ General Partnership
☐ Other _____

☐ Foreign Corporation incorporated in the state of _____ holding Ohio license no. _____
☐ Unincorporated Association
☐ Foreign Limited Liability Co. holding Ohio Reg. No. _____ organized in the state of _____

The name of the registrant designated above is

JOSEPH F. MICCIO

**NOTE:** Where the registrant is a partnership, the name of the partnership must appear on this line. If the registrant is a foreign corporation licensed in Ohio under an assumed name, both the assumed name and actual corporate title of such corporation must appear on this line.

The business address of the registrant is

1730  SOUTH High St
*(Street)*    NOTE: P.O. Box Addresses are NOT acceptable.

Columbus           FRANKLIN           OH           43207
*(City)*            *(County)*         *(State)*    *(Zip Code)*

---

**EXHIBIT B**

**Page 3 of 3**

---

**Complete the information in this section if box (1) or (2) is checked Cont..**

Complete only if registrant is a general partnership
**NAME OF ALL GENERAL PARTNERS**          **COMPLETE RESIDENTIAL ADDRESSES (including zip code)**

NOTE:  Pursuant to OAG 89-081, if a general partner is a foreign (out-of-state) corporation, it must be licensed to transact business in Ohio; if a general partner is a foreign corporation licensed in Ohio under an assumed name, please note both the assumed name and actual corporate title of such general partner.

The nature of the business conducted by the registrant under the trade or fictitious name is (please be specific)

MEDICAL PRACTICE

---

**Complete the information in this section if box (3) is checked.**

☑ Please reserve the name listed below.  (only one name per form)

☐ Please reserve the first name available in the order of my preference.

I understand that I am not guaranteed the reservation **UNTIL I RECEIVE WRITTEN CONFIRMATION FROM THE SECRETARY OF STATE'S OFFICE STATING THAT THE NAME HAS BEEN REGISTERED TO ME**

The name reservation is valid for a period of 180 days.

_____
(First Choice)

_____
(Second Choice)

_____
(Third Choice)

_____
(Applicant)                              (Print Name)

_____
(Address)

_____
(City, State and Zip Code)

---

**REQUIRED**
**Must be authenticated (signed)**
**by an authorized representative**
**(See Instructions)**

| Authorized Representative | Date |
| --- | --- |
|  | 09/25/07 |

| Authorized Representative | Date |
| --- | --- |
|  |  |

DOC ID ----> 202324303198     Case 2:19-bk-52861     Doc 173     Filed 08/12/24     Entered 08/12/24 10:43:29     Desc Main
Document     Page 19 of 38

EXHIBIT C

Page 1 of 3



| DATE | DOCUMENT ID | DESCRIPTION | FILING | EXPED | CERT | COPY |
|---|---|---|---|---|---|---|
| 08/31/2023 | 202324303198 | TRADE NAME REGISTRATION (RNO) | 39.00 | 0.00 | 0.00 | 0.00 |

### Receipt

This is not a bill. Please do not remit payment.

SOUTH GERMAN VILLAGE LIMITED LIABILITY COMPANY
1931 PARSONS AVENUE
COLUMBUS, OH 43207

---

# STATE OF OHIO
## CERTIFICATE

### Ohio Secretary of State, Frank LaRose
#### 5104948

It is hereby certified that the Secretary of State of Ohio has custody of the business records for

**SOUTH GERMAN VILLAGE MEDICAL CENTER LLC**

and, that said business records show the filing and recording of:

Document(s)                                                                Document No(s):

**TRADE NAME REGISTRATION**                                       **202324303198**

Effective Date:   08/31/2023



United States of America
State of Ohio
Office of the Secretary of State

Witness my hand and the seal of the Secretary of State at Columbus, Ohio this 31st day of August, A.D. 2023.

**Ohio Secretary of State**



Form 534A Prescribed by:

**Frank LaRose**
*Ohio Secretary of State*

Date Electronically Filed: 8/31/2023

Toll Free: 877.767.3453  |  Central Ohio: 614.466.3910
OhioSoS.gov  |  business@OhioSoS.gov

File online or for more information: OhioBusinessCentral.gov

# Name Registration
## Filing Fee: $39
## Form Must Be Typed

**CHECK ONLY ONE (1) Box**

| ⦿ Trade Name (167-RNO) | Date of first use: | 8/1/2023 MM/DD/YYYY | ☐ Fictitious Name (169-NFO) |
|---|---|---|---|

SOUTH GERMAN VILLAGE MEDICAL CENTER LLC

Name being Registered or Reported

SOUTH GERMAN VILLAGE LIMITED LIABILITY COMPANY

Name of the Registrant

**Note: If the registrant is a partnership, please provide the name of the partnership.  Individual partner names are not permitted but are required on page 2 of the form.**

Registrant's Entity Number (if registered with Ohio Secretary of State): 1093901

**All registrants must complete the information in this section**

The general nature of business conducted by the registrant:

BUY SELL REHAB  RENT  REAL ESTATE PROPERTIES

Business address:

665 SOUTH 22ND STREET

Mailing Address

| COLUMBUS | OH | 43205 |
|---|---|---|
| City | State | ZIP Code |

DOC ID ----> 202324303198    Case 2:19-bk-52861    Doc 173    Filed 08/12/24    Entered 08/12/24 10:43:29    Desc Main
Document      Page 21 of 38

EXHIBIT C

Page 3 of 3

Complete the information  in this section if registrant is a partnership NOT registered in Ohio pursuant to ORC 1776, if partnership is registered, provide registration number on page one.

Provide the name and address of at least one general partner:

| Name | Address |
|------|---------|
| | |
| | |
| | |

NOTE: Pursuant to OAG 89-081, if a general partner is a foreign corporation/limited liability company, it must be licensed to transact business in Ohio; if a general partner is a foreign corporation/limited liability company licensed in Ohio under an assumed name, please provide the assumed name and the name as registered in its jurisdiction of formation.

By signing and submitting this form to the Ohio Secretary of State, the undersigned hereby certifies that he or she has the requisite authority to execute this document.

**Required**
Application must be signed by the registrant or an authorized representative.

If authorized representative is an individual, then they must sign in the "signature" box and print their name in the "Print Name" box.

SOUTH GERMAN VILLAGE LIMITED LIABILITY COMPANY

Signature

JOSE VILLAVICENCIO, MANAGER

By (if applicable)

Print Name

If authorized representative is a business entity, not an individual, then please print the business name in the "signature" box, an authorized representative of the business entity must sign in the "By" box and print their name in the "Print Name" box.

EXHIBIT D
Page 1 of 13

**IN THE FRANKLIN COUNTY MUNICIPAL COURT**
**ENVIRONMENTAL DIVISION**

FILED
Franklin County Municipal Court

AUG 2 1 2023

LORI M. TYACK, CLERK

By_____
Deputy Clerk

| | | |
|---|---|---|
| City of Columbus, Ohio | : | |
| Plaintiff, | : | |
| v. | : | Case No. 2016 EVH 60013<br>(Lead Consolidated Case[1]) |
| South German Village Medical Center, LLC,<br>*et al.*, | : | Judge Stephanie Mingo |
| Defendants. | : | |

| | | |
|---|---|---|
| State Ex. Rel Columbus City Attorney, Zach<br>Klein, | : | |
| Plaintiff, | : | Case No. 2021 EVH 60053<br>(Consolidated Case) |
| v. | : | |
| South German Village, LLC, *et al.*, | : | Judge Stephanie Mingo |
| Defendants. | : | |

| | | |
|---|---|---|
| State Ex. Rel Columbus City Attorney, Zach<br>Klein, | : | |
| Plaintiff, | : | Case No. 2022 EVH 60082<br>(Consolidated Case) |
| v. | : | |
| South German Village Medical Center, LLC,<br>*et al.*, | : | Judge Stephanie Mingo |
| Defendants. | : | |

---

[1] Pursuant to the Court's *Entry Consolidating Matters* filed May 25, 2022 and the *Order and Contempt Finding*
entered January 31, 2023 the following cases before this Court have been consolidated:
2016 EVH 60013,
2021 EVH 60053,
2022 EVH 60082,
2022 EVH 60507, and
2022 EVH 60624.

City of Columbus, Ohio                    :

      Plaintiff,                           :

                                               :           Case No. 2022 EVH 60507
    v.                                      :           (Consolidated Case)

                                               :
ARGOUS LLC, *et al.*,                     :
                                               :           Judge Stephanie Mingo
      Defendants.                          :

State Ex. Rel Columbus City Attorney, Zach    :
Klein,                                        :
                                                   :
      Plaintiff,                               :           Case No. 2022 EVH 60624
                                                   :           (Consolidated Case)
    v.                                          :

                                                   :
JRV SEPIRA LLC, *et al.*,                    :           Judge Stephanie Mingo
                                                   :
      Defendants.                              :

## ORDER APPOINTING RECEIVER AND APPROVING REHABILITATION PLAN

This matter comes before the Court on the *Motion to Appoint Receiver* (the "Motion") filed

by Plaintiff City of Columbus, Ohio. Through the Motion and pursuant to R.C. § 3767.41, the

Plaintiff requests that the Court appoint a receiver over the following real property (the

"Properties") to abate the nuisances at the Properties.

1. 2-8 Reeb Ave.
   Columbus, OH 43207
   Parcel No. 010-053241-00

2. 36 E. Innis Ave.
   Columbus, OH 43207
   Parcel No. 010-050784-00

3. 238-240 Reeb Ave.
   Columbus, OH 43207
   Parcel No. 010-038210-00

4. 289-291 Brehl Ave.
   Columbus, OH 43223
   Parcel No. 010-069942-00

5. 315-317 Taylor Ave.
   Colulmbus, OH 43203
   010-033461-00

6. 364-366 E. Innis Ave.
   Columbus, OH 43207
   010-047389-00

7. 377 Berkeley Rd.
   Columbus, OH 43205
   Parcel No. 010-043652-00

8. 463 S. 22nd St.
   Columbus, OH 43205
   Parcel No. 010-030360-00

9. 629-631 S. Wheatland Ave.
   Columbus, OH 43204
   Parcel No. 010-094530-00

10. 665 S. 22nd St.
    Columbus, OH 43205
    Parcel No. 010-000193-00

11. 669 S. 22nd St.
    Columbus, OH 43205
    Parcel No. 010-043166-00

12. 841-843 Ann St.
    Columbus, OH 43206
    Parcel No. 010-052905-00

13. 929-931 Bellows Ave.
    Columbus, OH 43223
    Parcel No. 010-042603-00

14. 1270 S. Ohio Ave.
    Columbus, OH 43206
    Parcel No. 010-032342-00

15. 1931 S. Parsons Ave.
    Columbus, OH 43207
    Parcel No. 010-015293-00

16. 2504 Bar Harbor Pl.
    Columbus, OH 43207
    Parcel No. 010-148624-00

The Plaintiff recommends that New Perspective Asset Management, LLC ("NPAM"), through its principals Dana Milligan ("Ms. Milligan") and Shawn Parker ("Mr. Parker"), be appointed as receiver in this case. The Plaintiff further seeks approval of NPAM's professionals to assist in this matter.

A copy of the Motion and a notice of the hearing was served on the owner of the Properties and all known lienholders on the Properties (the "Lienholders"). Sufficient time lapsed for an objection to the Motion to be filed, and no objection was filed.

Upon consideration of the Motion, the Court finds the Motion to be well-taken and it is hereby **GRANTED**. Pursuant to R.C. § 3767.41, the Court finds that it is appropriate to appoint a receiver over the Properties for the purpose of abating the nuisances.

The Court makes the following findings:

A.      Jurisdiction and venue are appropriate in this Court because of the Properties being in Franklin County, Ohio.

B.      This is a nuisance abatement action involving the Properties. The City filed claims under R.C. § 3767.41 (buildings found to be a public nuisance), and the Columbus City Code. The owners of the Properties have failed to adequately maintain the Properties, causing them to deteriorate to the point where they are now a hazard to public health, safety, and welfare in violation of the Columbus Nuisance Abatement Code.

C.      All prerequisites to the appointment of a receiver over the Properties as required by R.C. § 3767.41 have been met as follows:

a. The Court has previously determined that the Properties are a public nuisance. R.C. § 3767.41(C)(2).

b. The Court has determined that the owners of the Properties have been afforded a reasonable opportunity to abate the nuisance and have refused or failed to do so. *Id.*

c. Each of the Lienholders has had an opportunity to undertake the work to abate the nuisance and has not committed to or submitted a plan to do so. *Id.*

d. NPAM, being a qualified third party that is willing to undertake the work, has submitted a viable financial and construction plan for the Properties. R.C. § 3767.41(C)(3) (the "Rehabilitation Plan"). The Rehabilitation Plan submitted by NPAM meets all requirements of R.C. § 3767.41(D) and is approved.

D.     The Court finds that the appointment of a receiver under R.C. § 3767.41 is an appropriate remedy for the abatement of the nuisances in this matter, and it is an appropriate solution for the rehabilitation of the Properties.

It is therefore ORDERED as follows:

## APPOINTMENT OF RECEIVER

1.     **Appointment of Receiver.** New Perspective Asset Management, LLC, through its principals, Ms. Milligan and Mr. Parker, is immediately appointed as Receiver (the "Receiver") over the Properties.

2.     **Purpose of Receivership.** The purpose of this receivership is for the Receiver to abate the nuisances at the Properties and rehabilitate the Properties in accordance with the Rehabilitation Plan.

3.     **Approval of Rehabilitation Plan and Financing.** The Rehabilitation Plan is approved in all respects. Further, the financing plan proposed by the Receiver in the Rehabilitation

Plan is reasonable and appropriate under the circumstances. The financing plan is approved, permitting the Receiver to borrow funds from the proposed lender and provide to that lender a first and best lien on the Properties.

## POWERS OF RECEIVER

4. **Powers of Receiver.** Without limiting the generality of the foregoing, the Receiver has the power and authority described in R.C. §§ 2735 and 3767.41(F), including the authority and power over the following:

a. **Custody and Control.** The Receiver will take exclusive custody and control of the Properties, including all improvements and amenities at the Properties. The Receiver may take all steps necessary to secure the Properties, including entering the Properties, changing locks, and taking such other action as may be necessary to establish control over the Properties.

b. **Protect and Preserve Properties.** The Receiver may: i) take all emergency actions necessary in its judgment to preserve, protect and manage the Properties in order to preserve its value; ii) pay all utilities, expenses or other obligations to suppliers or servicers in the ordinary course of business, including obligations incurred prior to commencement of the receivership so long as the Receiver has determined that it is prudent to do so to accomplish the goals of this receivership; and iii) make repairs necessary to maintain the Properties in compliance with all local building, housing, air pollution, sanitation, health, fire, zoning, or safety codes, ordinances, resolutions, and regulations.

c. **Rehabilitation of Properties.** The Receiver is authorized to take all actions required to rehabilitate the Properties and abate the nuisances in accordance with the approved Rehabilitation Plan. The Receiver is authorized to enter into contracts for the performance of all work and the furnishing of materials necessary to follow the Rehabilitation Plan. The Receiver is further authorized to remove and dispose of any personal property abandoned, stored, or otherwise located at the Properties. The Receiver is permitted to vary the Rehabilitation Plan in its reasonable business judgment to maximize the return on the Properties and to maintain the Properties in accordance with code, provided that any future borrowing from third parties must be approved and the goals of the nuisance abatement are met. The Receiver may remove and dispose of any personal property which is abandoned, stored, or otherwise located at the Properties. The Receiver may deem, in its sole discretion, any personal property

remaining at the Properties abandoned or otherwise creating a dangerous or unsafe condition that constitutes a violation of local ordinances or regulations.

**d. Collection of Revenues.** The Receiver will collect the profits, rents, revenues, insurance proceeds, and all other income of any nature whatsoever from the Properties (collectively, the "Revenues"), and pay from the Revenues all Receivership Expenses (as defined below). The Receiver has the authority to receive and endorse as necessary, present for payment and/or collect any check, money order, credit card account or other form of payment payable as rent or other proceeds in relation to the Properties.

**e. Leases and Executory Contracts.** Subject to Court approval, the Receiver may cancel any leases or executory contracts related to the Properties if the performance of same would not be beneficial to the receivership estate. The Receiver is permitted to assign leases and executory contracts as permitted by the terms of such contracts or leases and subject to Court approval.

**f. Receivership Expenses.** The Receiver may incur and pay such expenses and obligations coming due after the date of the Receiver's appointment as may be necessary or appropriate for such maintenance, protection, preservation or operation of the Properties, or necessary expenses in carrying out the directions of this Order (collectively, the "Receivership Expenses"). Receivership Expenses include, without limitation, all taxes and assessments, insurance premiums for the Properties; utility expenses; operating expenses; lease obligations; interest on loans, and compensation for the Receiver and any professionals. The expenses for title services to be incurred are approved in all respects and can be paid by the Receiver when incurred.

**g. Pre-receivership Liabilities.** The Receiver is not liable for any expenses or accounts related to the Properties which were incurred prior to the effective date of this Order, including any mortgage on any of the Properties. Notwithstanding the foregoing or anything that may be construed to the contrary, in the Receiver's discretion, the Receiver is authorized to (but is not obligated to) pay those expenses and accounts incurred prior to this order (including, without limitation, tax, lease, mortgage, utility, and vendor obligations) to the extent that the payment of any such pre-existing expense or account payable is necessary or desirable for the preservation of the Properties. The Receiver is specifically authorized to pay any expenses that have been incurred in relation to its appointment, including title costs.

**h. Borrow Money.** After Court approval, the Receiver may borrow money on interest to complete the Rehabilitation Plan, issuing Receiver's bills or a promissory note for the same. Any note issued by the Receiver may be secured by a mortgage. Any mortgage granted by the Receiver will be superior to any claims of the Receiver unless otherwise agreed by the mortgagee. The Court specifically approves the financing arrangement set forth in the Rehabilitation

Plan. The terms of the financing plan are approved such that if the Receiver uses a different lender on the exact same terms of the financing plan, no further Court approval is required to use a different lender. The Receiver may advance money to the receivership estate as is necessary for preservation of the Properties or emergencies, which amounts may be paid back to the Receiver when funds become available without further Court order. The Receiver is further allowed to use the proceeds of sale of one of the Properties to facilitate the rehabilitation of the other Properties.

i.   **Bank Accounts.** The Receiver may establish a new bank account for the receivership estate at the Receiver's discretion, or the Receiver may use its own accounts provided the Receiver has appropriate accounting controls. The Receiver will deposit all funds of the receivership estate into the receivership accounts and will make all payments and disbursements from the receivership estate from that account. Funds of the receivership are further authorized to be held in the trust account of any legal professional employed by the Receiver or in title company escrow.

j.   **Sale of Assets.** The Receiver is authorized to market the Properties for sale immediately but will comply with all provisions of R.C. § 3767.41 for the sale of the Properties, including obtaining Court approval.

k.   **Employment of Professionals.** The Receiver may choose and employ, upon notice and Court approval, professionals as the Receiver deems advisable or necessary in the performance of duties and responsibilities under the authority granted by this order, on the terms and conditions as the Receiver determines to be in the best interests of the receivership estate. Compensation to professionals employed by the Receiver will not be paid without Court approval. The Receiver is authorized to employ Allen Stovall Neuman & Ashton LLP, as counsel for the Receiver; and New Perspective Realty as real estate broker, both under the terms and conditions set forth in the Motion.

l.   **Lawsuits and Settlements.** The Receiver may initiate, defend, or take any other action in law in the name of the receivership estate that may be required during the course of this matter, including any case related to the eviction of tenants or the foreclosure on a lien for the Receiver's fees and expenses.

m.   **Books.** The Receiver shall prepare and maintain complete books, records and financial reports of the income and expenses associated with this case, and all other appropriate records.

n.   **Receivership Tax Returns:** The Receiver will prepare and file any tax returns related to the receivership estate as may be required at law. All costs of completing tax returns are administrative expenses. The Receiver is permitted to retain funds necessary for tax services after the close of this case or prepay for those services as necessary.

**o. Other Actions.** The Receiver may undertake all other actions, including, without limitation, executing documents on behalf of the receivership estate that are in its judgment, necessary or appropriate to accomplish the directions of this Order.

## COOPERATION WITH AND DELIVERY TO RECEIVER

5.   **Delivery to Receiver.** Any person or entity served with a copy of this order, immediately or within such time as permitted by the Receiver in writing, are ordered to cooperate with the Receiver in the transition of the management of the Properties and shall deliver or make available to the Receiver possession and custody of the Properties and all appurtenant documentation, keys, leases, and other items reasonably requested by the Receiver.

6.   **Cooperation.** All persons or entities served with a copy of this Order must cooperate fully with the Receiver in the performance of its duties. This cooperation includes but is not limited to providing any information to the Receiver that the Receiver deems necessary for exercising the authority and discharging the responsibilities of the Receiver.

## BOND AND LIMITED LIABILITY OF RECEIVER

7.   **Bond.** The Receiver will file with the Clerk of this Court a bond in the amount of $25,000.00 to ensure the full and faithful performance of its obligations herein.

8.   **Business Judgment.** In carrying out their duties as set forth herein, the Receiver and its agents are entitled to exercise their authority in performing their duties under this Order in their own sound business judgment. The Receiver is not liable for actions taken or decisions made in performing its duties under this order that are based upon the exercise of reasonably prudent business judgment. Anyone engaged by the Receiver in connection with this case will not be liable

for actions taken or decisions made by them in performing their duties relating to this order so long as such actions and decisions are based upon the exercise of reasonably prudent business judgment.

9.      **No Personal Liability.** No expenses, obligations, liabilities, or risks incurred by the Receiver or its professionals in connection with the maintenance, preservation, or operation of the Properties or in the performance or fulfillment of its duties are the personal expense, obligation, liability, or risk of the Receiver; rather, they are exclusively the expense, obligation, liability, and risk of the receivership estate.

## STAY AND INJUNCTION

10.     **Stay and Injunction.** Except for where there is leave of the Court, during the pendency of the receivership ordered herein, the landowner, all creditors of the landowner, parties in interest, sheriffs, marshals, and other officers, and their respective attorneys, servants, agents, and employees, and all other persons, firms, and corporations are enjoined and stayed from taking any action to establish or enforce any claim, right or interest related to the Properties or against the Receiver, receivership assets, or the Receiver's duly authorized agents acting in their capacities as such, including, but not limited to, the following actions:

a. Commencing, prosecuting, litigating or enforcing any suit, except that actions may be filed to toll any applicable statute of limitations;

b. Enforcing any lien upon, or taking or attempting to take possession of, or retaining possession of, the Properties, its improvements and appurtenant assets, or attempting to foreclose, forfeit, alter or terminate any of the Receiver's interests in property, whether such acts are part of a judicial proceeding or otherwise;

c. Using self-help or executing or issuing, or causing the execution or issuance of any court attachment, subpoena, replevin, execution or other process for the purpose of impounding or taking possession of or interfering with, or creating or enforcing a lien upon any property, wherever located, owned by or in the possession of the Receiver, or any agent of the Receiver;

   **d.** Doing any act or thing to interfere with the Receiver taking control, possession or management of the property subject to the receivership, or to in any way interfere with the Receiver or its duties, or to interfere with the exclusive jurisdiction of this Court over the Properties.

### RECEIVER'S REPORTS TO THE COURT AND COMPENSATION

11.    **Receiver's Reports.** The Receiver is not required to file written reports unless it deems it appropriate. Rather, the Receiver will report to the Court from time to time at regular status conferences.

12.    **Compensation.** The Receiver and all personnel hired by the Receiver, including counsel to the Receiver, are entitled to reasonable compensation for the performance of duties pursuant to this Order and for the cost of actual and reasonable out-of-pocket expenses incurred by them for those services authorized by this Order. All compensation to the Receiver and its counsel will be taxed as court costs and will have administrative priority in this matter, and shall be entitled to be paid in priority to all other liens upon the property, including but not limited to taxes and assessments, but excepting other expenses of this action.

13.    **Fee Applications.** The Receiver may file periodic requests for the payment of compensation of the Receiver or any hired professionals. The requests for compensation will itemize the time and nature of services rendered by the Receiver and all personnel hired by the Receiver in increments of no greater than one-tenth of an hour. If the Receiver does not hire a general contractor to manage the contracting portion of the project and the Receiver handles those matters internally, the Receiver will be compensated for those services at a general contractor rate without further Court order. The Receiver and all personnel hired by the Receiver will not increase

the hourly rates used as the basis for such fee applications without prior approval of the Court. The Receiver will be compensated on an hourly basis in accordance with the fee schedule attached as Exhibit B to the Motion. Counsel for the Receiver will be compensated at a rate that is their normal hourly rate reduced by $30 per hour for attorneys.

14.     **Broker.** The Receiver is authorized to employ New Perspective Realty, LLC, dba Parker Realty Associates (the "Broker"), to market the Properties for sale, with any such proposed sale and any compensation to be paid to the Broker subject to further order of the Court. The Receiver may not charge hourly rates for matters traditionally included in broker and auctioneer commissions (i.e. marketing efforts).

### EFFECTIVE DATE AND RETENTION OF JURISDICTION

15.     **Effective Date.** This order and the injunction contained within will be in full force and effect as of the date it is entered by the Clerk of this Court, and the Receiver will be empowered pursuant to this order upon the filing of the Receiver's oath and bond.

16.     **Jurisdiction.** The Court will retain jurisdiction over the Properties and their condition through the termination of the receivership and the termination of this matter. Any purchaser of any of the Properties will remain subject to this Court's jurisdiction as to any warranties or representations made during the sale process.

**IT IS SO ORDERED.**

8-21-23
Date

Judge Stephanie Mingo

**SUBMITTED BY:**

CITY OF COLUMBUS, DEPARTMENT OF LAW
ZACH KLEIN, CITY ATTORNEY

*CL LC*   FOR ZACHARY GWIN

_____
Zachary Gwin (0092170)   CHRISTOPHER CLARK   0096257
Assistant City Attorney
375 South High Street, 17th Floor
Columbus, Ohio 43215
Phone: (614) 645-8928
Fax: (614) 645-6548
zsgwin@columbus.gov

Copies to:

See attacehd service matrix.

## NOTICE OF AMENDED JOINT MOTION OF THE CITY OF COLUMBUS, OHIO, AND NEW PERSPECTIVE ASSET MANAGEMENT, LLC, FOR RELIEF FROM AUTOMATIC STAY

The City of Columbus, Ohio, and New Perspective Asset Management, LLC, have filed papers with the Court seeking relief from the automatic stay in order to continue the sale of certain properties that are the subject of a receivership proceeding before the Franklin County Municipal Court's Environmental Division.

**Your rights may be affected.** You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you do not want the Court to grant the relief sought in the motion, **then on or before twenty-one (21) days from the date set forth in the certificate of service for the motion**, you or your attorney must file with the Court a response explaining your position by mailing your response by regular U.S. Mail to Clerk, United States Bankruptcy Court, 170 North High Street, Columbus, Ohio 43215, OR your attorney must file a response using the Court's ECF system.

The Court must **receive** your response on or before the date set forth above.

You must also send a copy of your response either by (1) the Court's ECF system, or (2) regular U.S. Mail to:

United States Trustee
170 North High Street, Suite 200
Columbus, Ohio 43215

James A. Coutinho, Esq.
Allen Stovall Neuman & Ashton LLP
10 West Broad Street, Suite 2400
Columbus, Ohio 43215

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief without further notice or hearing.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing *Amended Joint Motion of the City of Columbus, Ohio, and New Perspective Asset Management, LLC, for Relief from Automatic Stay Related to Real Estate Owned by JRV SEPIRA, LLC, and South German Village Medical Center* was served (i) electronically on the date of filing through the Court's ECF system on all ECF participants registered in this case at the email address registered with the Court, and (ii) by first class U.S. Mail on August 12, 2024, on all creditors and parties in interest as set forth on the attached mailing matrix.

 /s/  James A. Coutinho
James A. Coutinho      (0082430)

Label Matrix for local noticing
0648-2
Case 2:19-bk-52861
Southern District of Ohio
Columbus
Sat Aug 10 12:03:33 EDT 2024

New Perspective Asset Management LLC
c/o James A. Coutinho
ALLEN STOVALL NEUMAN & AS
10 WEST BROAD ST
SUITE 2400
COLUMBUS, OH 43215-3469

Rent Due LLC
c/o Maria Mariano Guthrie
Kegler, Brown, Hill & Ritter
65 E. State Street, Ste. 1800
Columbus, OH 43215-4294

AFFILIATED TAX CO LLC -17
US Bank/Affiliated Tax Co LLC
PO Box 645040
Cincinnati OH 45264-0303

(p)AMERICAN ELECTRIC POWER
ATTN JASON E REID
1 RIVERSIDE PLAZA 13TH FLOOR
COLUMBUS OH 43215-2373

Asst US Trustee (Col)
Office of the US Trustee
170 North High Street
Suite 200
Columbus, OH 43215-2417

(p)OHIO ATTORNEY GENERAL
COLLECTIONS ENFORCEMENT ATTN BANKRUPTCY MANAGER
30 E BROAD ST
14TH FLOOR
COLUMBUS OH 43215-3414

(p)BANK OF AMERICA
PO BOX 982238
EL PASO TX 79998-2238

Bank of America, N.A.
P O Box 982284
El Paso, TX 79998-2284

City of Columbus Attorney
90 W. Broad St. Room 200
Columbus, OH 43215-9013

(p)COLUMBIA GAS
290 W NATIONWIDE BLVD 5TH FL
BANKRUPTCY DEPARTMENT
COLUMBUS OH 43215-4157

Enhanced Recovery Corp
8014 Bayberry Rd
Jacksonville, FL 32256-7412

Franklin County Treasurer
373 S. High St. 17th Floor
Columbus, OH 43215-4591

Graf & McGovern LPA
604 E. Rich St.
Columbus, OH 43215-5341

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

Law Office of Manbir Sandhu
1213 Prospect Ave. #300
Cleveland, OH 44115-1260

Mishkind Kulwicki Law Co
23240 Chagrin Blvd.
Ste 101 Commerce Park IV
Beachwood, OH 44122-5482

(p)NATIONSTAR MORTGAGE LLC
PO BOX 619096
DALLAS TX 75261-9096

Ohio Department of Taxation
Bankruptcy Division
P.O. Box 530
Columbus, OH 43216-0530

Shapero & Green LLC
25101 Chagrin Blvd. #220
Beachwood, OH 44122-5656

TLOA Acquisitions, LLC - Series 2
11 Talcott Notch Road
Farmington, CT 06032-1817

TLOA Servicing LLC
11 Talcott Notch Rd.
Farmington, CT 06032-1817

Tax Ease Ohio, LLC
14800 Landmark Blvd., Suite 400
Dallas, TX 75254-7598

US Attorney General
Main Justice Bldg, Room 5111
10th & Constitutional Avenue NW
Washington, DC 20530-0001

US Bank as Customer
c/o Liege Tax Liens LLC 18
P.O. Box 645040
Cincinnati, OH 45264-0303

US District Attorney
303 Marconi Blvd
Columbus, OH 43215-2839

Verna Coward
16250 Flint Ridge Rd. South
Newark, OH 43056-9457

Verna Coward
Verna & Craig Coward, Admin.
25101 Chagrin Blvd. #220
Beachwood, Oh 44122-5656

Verna Coward
Verna & Craig Coward, Admins
Estate of Frederick Coward
25101 Chagrin Blvd. #220
Beachwood, OH 44122-5656

Verna R. Coward
Adm Est.Frederick Coward, Jr.
25101 Chagrin Blvd #220
Beachwood, Oh 44122-5656

```
Weltman Weinberg & Reis          Westgate Blue Tree Owners Association    Christine Bowen
3705 Marlane Dr.                 C/O Greenspoon Marder LLP                RE/MAX Town & Country
Grove City, OH 43123-8895        201 E. Pine Street, Suite 500            1315 Tuskawilla Rd., Suite 101
                                 Orlando Florida 32801-2718               Winter Springs, FL 32708-5059


Jose R. Villavicencio            Mark Jay Bamberger                       Myron N Terlecky
PO Box 32185                     The Mark Bamberger Co., LLC              575 S Third Street
Columbus, OH 43232-0185          PO Box 189                               Columbus, OH 43215-5755
                                 Spring Valley, OH 45370-0189


Verna Coward
c/o Brian Green
25101 Chagrin Blvd. #220
Beachwood, OH 44122-5656
```

          The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
          by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
American Electric Power          Attorney General - Rev Rec              Bank of America
Attn Bankruptcy                  ATTN: Bankruptcy Staff                  Billing Inquiries
1 AEP Way                        150 E. Gay Street, 21st Floor           PO Box 982236
Hurricane, WV 25526-1231         Columbus, OH 43215                      El Paso, TX 79998-2236


Columbia Gas                     Nationstar Mortgage LLC
290 W. Nationwide Blvd. 5th Flr  Attn Bankruptcy Department
Bankruptcy Department            PO Box 619096
Columbus, OH 43215-4157          Dallas, TX 75261-9741
```

          The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(u)TLOA Acquisitions, LLC        (u)Tax Ease Ohio, LLC                   End of Label Matrix
                                                                         Mailable recipients    36
                                                                         Bypassed recipients     2
                                                                         Total                  38
```