No. 24-8021

# BANKRUPTCY APPELLATE PANEL
# OF THE SIXTH CIRCUIT

FILED
Oct 08, 2024
KELLY L. STEPHENS, Clerk

In re: JOSE VILLAVICENCIO,

    Debtor.

**ORDER**

_____/

Before: GREGG, GUSTAFSON, and STOUT, Bankruptcy Appellate Panel Judges.

On May 20, 2024, Jose R. Villavicencio, the *pro se* debtor-appellant (the "Appellant"), filed a "Motion to Reopen Case" (the "Motion") in his chapter 7 bankruptcy case. *In re Villavicencio*, Bankr. Case 19-52861, ECF No. 147 (Bankr. S.D. Ohio May 21, 2024).[1] In the Motion, the Appellant alleged that he "became aware of important facts that have direct, preoponderant [sic] and eminent bearing on the case" that were discovered "sometime during the appeal process."[2] The Appellant requested that the bankruptcy court "reopen [his] case in order to allow the consideration of such facts." (*Id.*)

The bankruptcy court entered an order denying the Motion for two reasons. (Bankr. Case ECF No. 160.) First, the bankruptcy court concluded that because the Appellant's case had never been closed, it could not be reopened under 11 U.S.C. § 350(b). Second, the bankruptcy court determined that, to the extent the Motion sought to introduce newly discovered evidence related to the Appellant's claimed exemptions, the request must be denied because two appellate courts had affirmed the bankruptcy court's decision.[3] Additionally, the bankruptcy court noted that, even

---

[1] References to the docket in *In re Villavicencio*, Bankr. Case No. 19-52861 will be cited as "Bankr. Case ECF No.\_\_"; references to the docket in this appeal will be cited as "BAP Case ECF No. \_\_\_"; citations to any other court cases will follow a similar format after the first full citation to the record.

[2] Presumably, the Appellant was referring to his appeal of the bankruptcy court's decision regarding his claimed exemptions. (Bankr. Case ECF No. 100.)

[3] *See Villavicencio v. Terlecky*, Case No. 23-3154, ECF No. 23 (6th Cir. Dec. 26, 2023), 2023 WL 10511015, *cert. denied* Case No. 23-7076 (May 13, 2024), 144 S. Ct. 2541; *Villavicencio v. Terlecky*, Case No. 22-cv-0918, ECF No. 20 (S.D. Ohio Jan. 27, 2023), 2023 WL 1070236.

if the evidence were relevant, the request was untimely under Fed. R. Bankr. P. 9024 (incorporating Fed. R. Civ. P. 60(c)(1)).

The Appellant filed a notice of appeal (Bankr. Case ECF No. 176) in the bankruptcy court on August 21, 2024, which was more than fourteen days after the entry of the bankruptcy court's order. *See* Fed. R. Bankr. P. 8002.[4]  The Clerk of the Bankruptcy Appellate Panel of the Sixth Circuit therefore entered an order to show cause (BAP Case ECF No. 4) as to why this appeal should not be dismissed as untimely.

The Appellant filed a response to the order to show cause on August 27, 2024 in which he argued that his notice of appeal is either (a) timely, or (b) untimely but excusable because, among other things, he filed or attempted to file the notice in the "10th District Court of Appeals, following the course of the first appeal made in this bankruptcy case." (BAP Case ECF No. 5.)  The Appellant further argued that the clerk of the bankruptcy court later rejected his attempt to file the notice of appeal. (*Id.*)

Because the Appellant did not attach any documents to his response, the Clerk entered a scheduling order directing the Appellant to supplement his response with supporting documents. (BAP Case ECF No. 6.)  In response to the scheduling order, the Appellant filed a document titled "Appellants Supplement to the Order to Show Cause," which includes an attachment purporting to confirm the Appellant's representations regarding his alleged attempt to timely file his notice of appeal with the bankruptcy court.[5]  (ECF No. 9.)  The response also asserts that "[t]here was likewise an attempt to contact the Tenth District Court of Appeals in Columbus."[6]  (*Id.*)

Rule 8002 of the Federal Rules of Bankruptcy Procedure provides, in pertinent part, that "a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of judgment,

---

[4] The Appellant never filed in the bankruptcy court a request for an extension of time to appeal under Fed. R. Bankr. P. 8002(d).

[5] The attachment is dated "7-11-24," which seems to make the Appellant's account of events a chronological impossibility.

[6] Although the Appellant's responses to both Orders assert that he initially filed his appeal at the Tenth District Court of Appeals, the Panel concludes that the Appellant has not established that his appeal was timely pursuant to Rule 8002(a)(4).  First, the Tenth District Court of Appeals is a state court over which the Federal Rules of Bankruptcy Procedure are not applicable.  Second, the Appellant did not provide evidence that he actually filed a notice of appeal in the Tenth District Court of Appeals prior to the August 2, 2024 deadline.

order, or decree being appealed." Fed. R. Bankr. P. 8002(a)(1). Although the deadline is not jurisdictional, it is nonetheless "mandatory." *Tennial v. REI Nation, LLC (In re Tennial)*, 978 F.3d 1022, 1028 (6th Cir. 2020); *see In re Holley*, No. 20-2106, 2021 WL 1922835, at *1 (6th Cir. May 5, 2021).

The deadline for filing a notice of appeal of the bankruptcy court's order that is the subject of this appeal was August 2, 2024. In his response to the scheduling order, the Appellant expressly acknowledged that he did not file his notice of appeal with the bankruptcy court until August 16, 2024, well beyond the deadline established by Fed. R. Bankr. P. 8002(a)(1). The Appellant's notice of appeal was therefore untimely, meaning that the appeal should be dismissed. *See In re Tennial*, 978 F.3d at 1028.

However, even where a notice of appeal would otherwise be considered untimely, Rule 8002 provides the following exception:

> Mistaken Filing in Another Court. If a notice of appeal is mistakenly filed in a district court, BAP, or court of appeals, the clerk of that court must state on the notice the date on which it was received and transmit it to the bankruptcy clerk. The notice of appeal is then considered filed in the bankruptcy court on the date so stated.

Fed. R. Bankr. P. 8002(a)(4).

In his response to the scheduling order, the Appellant represents that he initially attempted to file his notice of appeal in the "Tenth District Court of Appeals."[7] Accordingly, the Appellant inferentially argues that he made the type of mistake contemplated by Fed. R. Bankr. P. 8002(a)(4). The Panel disagrees, as that subrule expressly refers to a "district court, BAP, or court of appeals," all of which are federal courts. The Tenth District Court of Appeals, however, is an appellate court for the State of Ohio, not one of the federal courts listed in the subrule. Accordingly, the exception provides no relief to the Appellant.[8]

---

[7] The Appellant commenced the first appeal in his bankruptcy case by filing a notice in the correct court, the bankruptcy court. (Bankr. Case ECF No. 102.)

[8] In the scheduling order, the Panel provided the Appellant with the opportunity to supplement his response to the order to show cause (ECF No. 4). The Appellant has neither come forward with a copy of the notice mistakenly filed in the Tenth District Court of Appeals nor caused the clerk of that court to transmit the same.

For the foregoing reasons, the Appellant has failed to demonstrate why his notice of appeal was timely filed under Fed. R. Bankr. P. 8002(a)(1) or subject to the exception under Fed. R. Bankr. P. 8002(a)(4). This appeal is therefore DISMISSED.[9]

ENTERED BY ORDER OF THE PANEL

*Kelly L. Stephens*

Kelly L. Stephens, Clerk

---

[9] The Panel has some concerns regarding the authenticity of the document attached to the Appellant's response to the scheduling order entered by the Clerk of the Bankruptcy Appellate Panel. Those concerns will be addressed separately and in accordance with applicable statutory mandates.