UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF OHIO

EASTERN DIVISION



| | |
|---|---|
| In re: | Case No. 19-52861 |
| **Jose R. Villavicencio** | Chapter 7 |
| **Debtor.** | Judge John E. Hoffman, Jr. |

## MOTION FOR LEAVE TO FILE REPLY MEMORANDUM INSTANTER AND REPLY TO TRUSTEE'S MEMORANDUM IN OPPOSITION TO DEBTOR'S EMERGENCY MOTION FOR STAY PENDING APPEAL

## MOTION FOR LEAVE TO FILE REPLY MEMORANDUM INSTANTER

Debtor, JRV Sepira LLC ("Debtor"), by and through its undersigned representative, respectfully moves this Court for an order granting leave to file the accompanying Reply Memorandum instanter. In support of this Motion, the Debtor states as follows:

1. On July 30, 2025, the Chapter 7 Trustee, Myron N. Terlecky ("Trustee"), filed his Memorandum in Opposition to Debtor's Emergency Motion for Stay Pending Appeal (Doc. 223).

2. Pursuant to Local Bankruptcy Rule 9013-1(d), a reply memorandum was due to be filed within seven (7) days, making the deadline August 6, 2025.

3. This combined Motion and Reply is being filed today, August 11, 2025, three days after the prescribed deadline.(disregarding weekend).

4. The Debtor acknowledges that this filing is made after the deadline. The brief delay was the result of excusable neglect and was not undertaken in bad faith or for any dilatory purpose.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| In re: | Case No. 19-52861 |
| **Jose R. Villavicencio** | Chapter 7 |
| **Debtor.** | Judge John E. Hoffman, Jr. |

## MOTION FOR LEAVE TO FILE REPLY MEMORANDUM INSTANTER AND REPLY TO TRUSTEE'S MEMORANDUM IN OPPOSITION TO DEBTOR'S EMERGENCY MOTION FOR STAY PENDING APPEAL

## MOTION FOR LEAVE TO FILE REPLY MEMORANDUM INSTANTER

Debtor, JRV Sepira LLC ("Debtor"), by and through its undersigned representative, respectfully moves this Court for an order granting leave to file the accompanying Reply Memorandum instanter. In support of this Motion, the Debtor states as follows:

1. On July 30, 2025, the Chapter 7 Trustee, Myron N. Terlecky ("Trustee"), filed his Memorandum in Opposition to Debtor's Emergency Motion for Stay Pending Appeal (Doc. 223).

2. Pursuant to Local Bankruptcy Rule 9013-1(d), a reply memorandum was due to be filed within seven (7) days, making the deadline August 6, 2025.

3. This combined Motion and Reply is being filed today, August 11, 2025, three days after the prescribed deadline.(disregarding weekend).

4. The Debtor acknowledges that this filing is made after the deadline. The brief delay was the result of excusable neglect and was not undertaken in bad faith or for any dilatory purpose.

5. The Trustee will suffer no prejudice as a result of this brief delay. The underlying Motion for Stay Pending Appeal remains pending before the Court, and no action has been taken in the interim that would prejudice the Trustee's position.

6. Conversely, the arguments raised in the accompanying Reply are of critical importance to the Debtor. They concern the preservation of the subject matter of a pending appeal, the Debtor's fundamental right to a meaningful appellate review, and the jurisdictional limits of this Court while a dispositive appeal is pending in the United States Court of Appeals for the Sixth Circuit. Foreclosing the Debtor from presenting these arguments would be highly prejudicial.

**WHEREFORE**, for the foregoing reasons, the Debtor respectfully requests that the Court grant this Motion for Leave, deem the attached Reply Memorandum to be timely filed, and consider its arguments on the merits.

**REPLY TO TRUSTEE'S MEMORANDUM IN OPPOSITION**

The Debtor, JRV Sepira LLC, submits this Reply to the Trustee's Memorandum in Opposition (Doc. 223) to the Debtor's Emergency Motion for Stay Pending Appeal.

**INTRODUCTION**

The Trustee's opposition misapprehends the core issue before the Court. The central question is not whether the Debtor received service of a particular filing, but whether this Court should permit the liquidation of the primary assets of the estate while a legitimate, timely appeal challenging the Court's jurisdiction over those very assets is pending. The answer must be no. A stay is not only warranted under the traditional four-factor test but is essential to prevent the Debtor's appeal from being rendered moot, thereby frustrating the appellate process and causing irreparable harm. The Trustee's arguments about service are a distraction from the dispositive jurisdictional cloud hanging over the proposed sale. For these reasons, the motion for a stay must be granted.

ARGUMENT

**I. A Stay Is Necessary to Preserve the District Court's Jurisdiction and Prevent Appellate Mootness.**

The most compelling reason to grant a stay is to protect the Debtor's statutory right to an appeal. Once a notice of appeal is filed, jurisdiction over the matters on appeal is transferred from the bankruptcy court to the district court. *See In re Ebersole*, 441 B.R. 841, 844 (Bankr. W.D. Va. 2010). While the bankruptcy court retains jurisdiction over matters not central to the appeal, it cannot take actions that would effectively decide the outcome of the appeal itself.

Here, allowing the sale to proceed would do exactly that. Under 11 U.S.C. § 363(m), a sale to a good faith purchaser cannot be reversed on appeal unless the sale was stayed pending appeal. The Sixth Circuit strictly enforces this rule, holding that if a stay is not obtained, the appeal becomes moot once the sale closes. *See Weingarten Nostat, Inc. v. Service Merchandise Company, Inc.*, 396 F.3d 737 (6th Cir. 2005).

Therefore, denying a stay is tantamount to dismissing the Debtor's appeal before it can be heard. The Trustee's rush to sell the properties appears calculated to trigger § 363(m) mootness and short-circuit the Debtor's appellate rights. This Court should not permit such a result. The public interest in preserving the integrity of the appellate process weighs heavily in favor of granting the stay.

**II. The Debtor Satisfies the Four-Factor Test for a Stay Pending Appeal.**

The Sixth Circuit requires a court to consider four factors when evaluating a motion for a stay pending appeal: (1) the movant's likelihood of success on the merits; (2) whether the movant will suffer irreparable injury without the stay; (3) whether granting the stay would substantially harm other parties; and (4) where the public interest lies. *Mich. Coal. of*

*Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991). All four factors support a stay.

**A. There Is a Serious Question Going to the Merits.**

The Debtor has demonstrated a strong likelihood of success on the merits, or at minimum, has raised serious legal questions that merit litigation. The core of the Debtor's appeal is that this Court lacks jurisdiction over the properties in question. That exact jurisdictional issue is currently pending before the United States Court of Appeals for the Sixth Circuit in Case No. 2AP-3963. Should the Sixth Circuit rule in the Debtor's favor, the Trustee would have no authority to sell the properties, and the order authorizing the sale would be void. It is a foundational principle that a court should not act where its jurisdiction is in serious doubt. Proceeding with a sale under these circumstances would be imprudent and could lead to a legal quagmire if the underlying jurisdictional basis is later removed. This substantial jurisdictional question is more than sufficient to satisfy the first factor for a stay.

**B. The Debtor Will Suffer Irreparable Harm.**

The harm to the Debtor is not speculative; it is certain, immediate, and irreparable. As discussed above, if the properties are sold without a stay, the Debtor's appeal will become moot under § 363(m). The loss of the right to appellate review, combined with the permanent loss of unique real property, constitutes the very definition of irreparable harm. Money damages cannot compensate for the loss of a specific parcel of land or the extinguishment of a statutory right to appeal. *See, e.g., N.L.R.B. v. E. Ky. Coal Corp.*, 60 F.3d 628 (6th Cir. 1995) (unpublished table decision) (noting that mooting an appeal constitutes irreparable harm).

**C. The Balance of Harms Tilts Decidedly in the Debtor's Favor.**

The irreparable harm to the Debtor—losing its property and its right to appeal—far outweighs any potential harm to the Trustee or the estate. The only "harm" the Trustee

alleges is a delay in the administration of the estate. However, a delay is not tantamount to irreparable injury, especially when the properties can be managed and preserved pending the outcome of the appeal. Any potential diminution in value—a speculative claim at best—is a purely monetary harm that pales in comparison to the Debtor's certain and irreparable loss. The balance of equities clearly favors preserving the status quo until the appellate courts can rule.

**D. The Public Interest Favors a Stay.**

The public interest is best served by ensuring that judicial processes are respected and that litigants have a meaningful opportunity to exercise their right to appeal. Allowing a sale to proceed while a legitimate jurisdictional challenge is pending undermines public confidence in the judicial system. It creates the impression that the court is rushing to liquidate assets to avoid appellate review. The public interest strongly supports pausing the proceedings to allow for an orderly and just resolution of the pending appeals.

**CONCLUSION**

The Trustee's attempt to focus on procedural service issues is a red herring designed to distract from the fundamental issue at stake: the potential mooting of a valid appeal challenging this Court's jurisdiction. The Debtor has met all requirements for a stay pending appeal. The potential for irreparable harm is not just likely; it is a statutory certainty under § 363(m) if a stay is denied. Accordingly, the Debtor respectfully requests that the Court grant the Emergency Motion for Stay Pending Appeal and preserve the status quo until the District Court and the Sixth Circuit Court of Appeals can rule on the merits.

Respectfully submitted:

_____

Jose R. Villavicencio

3339 Daglow Road

Columbus OH   43232

614 9723126

joevillaoh@gmail.com
'

CERTIFICATE OF SERVICE

I hereby certify that on August 11, 2025, a true and correct copy of the foregoing **MOTION FOR LEAVE TO FILE REPLY MEMORANDUM INSTANTER AND REPLY TO TRUSTEE'S MEMORANDUM IN OPPOSITION TO DEBTOR'S EMERGENCY MOTION FOR STAY PENDING APPEAL** was served via the Court's CM/ECF system upon all parties registered to receive electronic notice in this case, including:

Myron N. Terlecky Trustee

575 South Third Street

Columbus OH  43215

_____

Jose R. Villavicencio

3339 Daglow Road

Columbus OH  43232

614 9723126

joevillaoh@gmail.com

'