UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOSE R. VILLAVICENCIO

   Appellant,    :

 v.          Case No. 2:25-cv-823
             Chief Judge Sarah D. Morrison

MYRON N. TERLECKY,   :

   Appellee.

## ORDER

  Appellee Myron Terlecky serves as the Chapter 7 Trustee for the bankruptcy estate of Appellant Jose Villavicencio. *See In re Villavicencio*, Case No. 19-52861 (Bankr. S.D. Ohio) (the "Bankruptcy"). On April 15, 2025, Trustee Terlecky filed a motion for authority to sell four pieces of real estate located in Columbus, Ohio (the "Properties"). (Bankruptcy Docket No. 210.) Mr. Villavicencio filed no response or objection. Three months later, the Bankruptcy Court granted the motion. (Bankruptcy Docket No. 213.) Shortly thereafter, Trustee Terlecky filed a notice of intent to sell the Properties. (Bankruptcy Docket No. 217.)

  Mr. Villavicencio then initiated this appeal and moved the Bankruptcy Court to stay the sale pending its adjudication. (Bankruptcy Docket Nos. 218, 219.) The Bankruptcy Court denied the motion to stay on August 11, 2025, reasoning that Mr. Villavicencio lacked standing to appeal because (i) he did not object to the motion

for authority to sell and (ii) the Properties' sale would not result in a surplus after all creditors' claims were paid. (Bankruptcy Docket No. 227.)

One week later, Mr. Villavicencio filed a Motion for Writ of Mandamus, Temporary Restraining Order, and Preliminary Injunction. (ECF No. 5.) That was his last action in this case. Since Mr. Villavicencio filed his motion, Trustee Terlecky has responded, the Bankruptcy Court has certified the record, and Mr. Villavicencio's deadline for filing an appellant brief was set. (ECF Nos. 8, 9.) In the interim, the Properties were sold at online auction. (Bankruptcy Docket Nos. 232–35.)

Two weeks after the appellant deadline passed (with nothing from Mr. Villavicencio), Trustee Terlecky filed a Motion to Dismiss the appeal. (ECF No. 10.) Therein, he argues that Mr. Villavicencio's appeal is "statutorily moot" because the bankruptcy code moots any appeal of a sale order when the appellant failed to obtain a stay of the sale at issue. Section 363(m) of Chapter 11 provides:

> The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

The Sixth Circuit has explained that this language "limits appellate review" of a sale authorized by a Bankruptcy Court. *In re Parker*, 499 F.3d 616, 620–21 (6th Cir. 2007). Section 363(m) squarely applies here. Because Mr. Villavicencio failed to obtain a stay of the Properties' sale in the Bankruptcy Court, his appeal is now moot.

Trustee Terlecky's Motion is **GRANTED** and Mr. Villavicencio's appeal is **DSIMISSED as moot**.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

3