**IN THE UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN**

FILED OH S BANKRUPTCY
APR 7 2026 AM9:01

**DISTRICT OF OHIO EASTERN DIVISION**

**In re:**

**JOSE VILLAVICENCIO,**

**Debtor.**

**Case No. 2:19-BK-52861**

**CHAPTER 7**

**JUDGE**

---

**DEBTOR JOSE VILLAVICENCIO'S OBJECTION TO STIPULATION FOR RELIEF FROM STAY**

---

Debtor Jose Villavicencio ("Debtor"), appearing *pro se* in his individual capacity and in his capacity as the sole managing member of South German Village LLC, South German Village Medical Center LLC, JRV Sepira LLC, Argous LLC, all interested parties, hereby files this Objection to the "Stipulation for Relief From Stay" (the "Stipulation") filed jointly by the Chapter 7 Trustee, Myron N. Terlecky (the "Trustee"), and New Perspective Asset Management ("Receiver"). The Stipulation seeks this Court's approval to turn over proceeds from the sale of certain real properties currently subject to a state court receivership. For the reasons set forth herein, the Stipulation represents an improper attempt to circumvent a pending state court appellate process, violates the Debtor's due process rights, and prejudices the bankruptcy estate.

**I. BACKGROUND**

1. The properties at issue in the Stipulation are the subject of receivership proceedings in the Franklin County Environmental Court (the "Environmental Court") under consolidated Case Nos. 2016-EVH-60013.

2. The orders establishing the receivership and authorizing the sale of the properties are currently under appeal before the 10th District Court of Appeals for Ohio under Case Nos. 2025-AP-139, 2025-AP-140, 2025-AP-141, 2025-AP-142, and 2025-AP-143 (the "Pending Appeals"). The validity of the receivership itself is therefore a central issue before the appellate court.

3. The Stipulation, if approved, would authorize the Trustee to receive the net proceeds from the sale of these properties. This distribution would occur *before* the 10th District Court of Appeals has had the opportunity to rule on the legality of the underlying sale and receivership orders.

4. The Debtor, who is also the sole managing member of the LLC was never properly served with the Stipulation, despite his direct and substantial interest as both the Debtor in this case and as the representative of the property owner.

5. The Debtor has been systematically denied his due process rights in the Environmental Court, including the denial of a mandatory receivership hearing under Ohio Revised Code § 3767.41(B)(2)(a) and the denial of participation in the hearing regarding the sale of the properties, as well as the failure to be given the opportunity to redeem the properties

## II. ARGUMENT

### A. The Stipulation Violates the Automatic Stay and Prejudices the Estate.

Pursuant to Federal Rule of Bankruptcy Procedure 4001(a), any stipulation for relief from the automatic stay provided by 11 U.S.C. § 362 is subject to objection by a party in interest.

Here, the Stipulation seeks to liquidate and distribute assets whose ownership, value, and legal status are the subject of active litigation in state appellate court.

Allowing the turnover of proceeds under these circumstances would irrevocably harm the estate. If the 10th District Court of Appeals reverses the Environmental Court's orders, the properties themselves—or their true, undiminished value—should be assets of the LLCs and, by extension, potentially available to the Debtor's estate. Allowing the Trustee to take possession of and distribute potentially tainted sale proceeds would short-circuit this process and result in a permanent loss to the estate, as the funds would likely be distributed to creditors before the appellate process is complete.

**B. The Environmental Court Lacks Jurisdiction, and Approving the Stipulation Would Render the State Court Appeals Moot.**

It is a fundamental principle of Ohio law that the filing of an appeal divests the trial court of jurisdiction to take any action that would interfere with the appellate court's review. The Environmental Court currently lacks the authority to approve a distribution of the very assets that are the subject of the Pending Appeals. The Stipulation is a procedurally improper attempt by the Trustee and the Receiver to circumvent the authority of the 10th District Court of Appeals.

By approving this Stipulation, this Bankruptcy Court would effectively sanction an action the state trial court cannot legally take. Furthermore, if the sale proceeds are distributed, the Pending Appeals become moot, as there would be no effective relief the appellate court could grant. This Court should not approve an agreement whose primary effect is to nullify the Debtor's and Argous LLC's constitutionally protected right to appeal.

**C. The Stipulation is the Product of a State Court Process Lacking in Due Process.**

The relief sought in the Stipulation is predicated on state court actions that have violated the Debtor's fundamental due process rights. **\* No Receivership Hearing:** The Environmental

Court appointed the Receiver without holding a hearing as explicitly mandated by O.R.C. § 3767.41(B)(2)(a). This denied the Debtor and various LLC's the opportunity to contest the initial findings that led to the receivership. **\* Lack of Notice:** The Debtor was not served with the Stipulation, in clear violation of basic notice requirements. An agreement that so significantly impacts the Debtor's estate and his LLC's assets cannot be approved without his notice and opportunity to be heard.

**D. The Interests of Argous LLC Have Not Been Protected.**

South German Village LLC, South German Village Medical Center LLC and Argous LLC, are separate legal entities, and are the owner of record for at least one of the properties at issue. Its interests are not represented by the Trustee or the Receiver. As its sole managing member, the Debtor asserts that the LLC has not consented to this Stipulation and objects to the turnover of its assets, particularly when the value of those assets has been diminished by the Receiver's negligence and the sale process is being appealed.

**III. CONCLUSION AND REQUEST FOR RELIEF**

The Stipulation is a premature and procedurally improper agreement that prejudices the Debtor's estate, violates the automatic stay's purpose, and attempts to bypass the authority of the Ohio appellate courts. It is predicated on a foundation of due process violations in the state court.

WHEREFORE, Debtor Jose Villavicencio respectfully requests that this Honorable Court enter an Order:

1. **DENYING** the Stipulation for Relief from Stay in its entirety;

2. **ORDERING** that no proceeds from the sale of any properties subject to the Environmental Court receivership be distributed or turned over to the Trustee pending a final, non-appealable resolution of the state court appeals (10th District Court of Appeals Case Nos. 2025-AP-139 through 2025-AP-143);

3.  **ORDERING** that South German Village  LLC,  South German Village Medical

Center  LLC and Argous LLC, through its managing member Jose Villavicencio, be

provided formal notice of all future proceedings in this Court that may affect its

property or interests; and

4.  Granting such other and further relief as this Court deems just and proper.

Dated: April 6, 2026

Respectfully submitted;


**Jose Villavicencio,** *Pro Se* Debtor

1664 Parsons Ave

Columbus OH  43207

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing Emergency

Motion to Stay Sale was served this 6 th April, 2026, via hand delivery to the

offices of the following:

Christopher Clark,

City Prosecutor

375 South High Street

Columbus OH, 43215

James Coutinho

10 West Broad Street, Suite 2400

Columbus OH 43215

Myron Terlecky

575 South Third Street

Columbus OH 43215

**Jose Villavicencio**

**1664 Parsons Avenue**

**Columbus OH 43207**