UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF OHIO

EASTERN DIVISION

In re:                                          Case No. 19-52861

**JOSE R.**                    )                Chapter 7

**VILLAVICENCIO,**

FILED OH S BANKRUPTCY
JUN 30 2026 PM3:27

                               )                **Judge John E.**

                                                **Hoffman, Jr.**

Debtor.                        )

**EMERGENCY MOTION TO VACATE ORDER APPROVING COMPROMISE OF**

**CLAIMS UNDER RULE 60(b) AND MEMORANDUM OF LAW IN SUPPORT**

**THEREOF**

NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that Jose R. Villavicencio ("Debtor"), pursuant to Federal Rule of

Civil Procedure 60(b), incorporated by Federal Rule of Bankruptcy Procedure 9024, hereby

moves this Honorable Court to vacate its Order dated April 30, 2026 (Doc. No. 268)

approving the compromise of claims and sale of property located at 3339 Daglow Road,

Columbus, Ohio, on the grounds that:

(a)  The Order is void under Rule 60(b)(4) for lack of due process and inadequate notice;

(b)  The Order is subject to relief under Rule 60(b)(5) as it is no longer equitable; and

(c)  Manifest injustice warrants relief under Rule 60(b)(6).

In support thereof, Debtor respectfully states as follows:

**TO THE HONORABLE JOHN E. HOFFMAN, JR., UNITED STATES**

**BANKRUPTCY JUDGE:**

Jose R. Villavicencio ("Debtor"), pro se, respectfully files this Emergency Motion to Vacate

this Court's Order Approving the Compromise of Claims entered on April 30, 2026 (the

"Order"), and to set aside the resulting sale of the property located at 3339 Daglow Road, Columbus, Ohio (the "Property"). This motion is made pursuant to Federal Rule of Civil Procedure 60(b)(4) and (6), incorporated herein by Federal Rule of Bankruptcy Procedure 9024. This motion is based on a fundamental denial of due process, as the Debtor never received notice of the Order, leading to the loss of his home of 30 years and valuable personal property without a meaningful opportunity to be heard.

## I. JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (N), and (O).

## II. BACKGROUND

2. The Debtor, Jose Villavicencio, is a 63-year-old individual who has resided at 3339 Daglow Road, Columbus, Ohio, since 1996.

3. On January 1, 2017, the Debtor, through his entity JRV SEPIRA LLC, purchased the Property from his domestic partner, Joseph Miccio, via a Land Installment Contract (the "Land Contract"). This transaction was later deemed a "prohibited transaction," causing the Debtor's interest in the Land Contract to become property of the bankruptcy estate. *See Villavicencio v. Terlecky*, Case No. 2:22-cv-0918 (S.D. Ohio Jan. 27, 2023).

4. On March 14, 2025, the Chapter 7 Trustee, Myron Terlecky (the "Trustee"), filed a Motion to Approve Compromise of Claims (Doc. 239) with Joseph Miccio. The proposed compromise involved Mr. Miccio paying the estate $25,000 in exchange for the estate's interest in the Land Contract, effectively terminating the Debtor's right to the Property.

5. A hearing on the compromise was held on April 21, 2026. The Debtor appeared at this hearing with his new attorney, Christopher Signil (who had not yet formally entered an appearance).

6. At the hearing, the Debtor expressly informed the Court and the Trustee that he could and would **match the $25,000 offer** to preserve his home and avoid being put on public assistance.

7. Following the hearing, the Trustee, Mr. Terlecky, spoke directly with the Debtor and Attorney Signil. The Trustee instructed them to "get the $25,000 ready" and stated that he or his office "would contact us the following week" to arrange the settlement.

8. The Trustee never called back. The Debtor and Attorney Signil waited for the call as instructed. Ten days later, Attorney Signil placed a call to the Trustee to follow up, but no resolution was reached.

9. Unbeknownst to the Debtor, on **April 30, 2026**, this Court entered the Order (Doc. 268) approving the Trustee's compromise with Mr. Miccio.

10. The Certificate of Notice for the Order (Doc. 269) reveals a critical, dispositive fact: **Jose Villavicencio was not served**. The certificate shows that notice was mailed only to an old address of record, **"PO Box 32185, Columbus, OH 43232-0185."**

11. The Trustee and the Court were, or should have been, aware of the Debtor's correct addresses. The Debtor has filed multiple documents listing his correct mailing addresses, including:

    – **1664 Parsons Avenue, Columbus, OH 43207** (as recently as Document 157, filed June 2024).

    – **3339 Daglow Road, Columbus, OH 43232**.

12. The Debtor has regularly received mail from the Trustee and other parties at both of these addresses throughout 2024, 2025, and 2026. In the recent 2023 filings of

Trustee Myron Terlecky, Jose Villavicencio was being served at both 3339 Daglow and 1664 Parsons The use of a disused P.O. Box for service of a final, dispositive order was unreasonable and foreseeably resulted in a lack of notice.

13. Making matters worse, the Court's electronic notice was sent to the Debtor's former attorney, Mark Bamberger, despite Mr. Bamberger having filed a motion to withdraw from the case in March 2026.

14. The Debtor first learned that the Order had been entered and the house sold on or about **June 26, 2026**—nearly 60 days later—when he visited the Property and discovered that third-party purchasers were actively removing his personal property, including seven vehicles and a career's worth of building materials.

## III. LEGAL STANDARD - RULE 60(b)

Federal Rule of Civil Procedure 60(b), made applicable by Bankruptcy Rule 9024, allows a court to relieve a party from a final judgment or order for several reasons, including: * **(4)** the judgment is void; * **(5)** applying it prospectively is no longer equitable; or * **(6)** any other reason that justifies relief.

Relief under Rule 60(b)(4) is mandatory, not discretionary, if the order is found to be void. An order is void if the court that rendered it lacked personal jurisdiction over a party due to a failure of service of process, which constitutes a violation of the Due Process Clause of the Fifth Amendment. *See United States v. L.A. Tucker Lines, Inc.*, 344 U.S. 33, 38 (1952).

## IV. ARGUMENT

### A. The Order is Void Under Rule 60(b)(4) Due to a Complete Failure of Notice.

15. Due process requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S.

306, 314 (1950). When a party's address is known, notice by mail to that address is the constitutional minimum.

16. Here, the Debtor did not receive notice. The Trustee and Clerk failed to serve the Order on the Debtor at his known, filed, and actively used addresses. Instead, notice was sent to a dormant P.O. Box. This failure renders the subsequent Order void as to the Debtor.

17. The Sixth Circuit and other courts have consistently held that where a debtor does not receive notice of a sale or other dispositive order, the order must be set aside. A judgment entered without actual notice is voidable. *See Whitaker v. American Partitions, Inc. (In Re Olympia Holding Corp.)*, 230 B.R. 623 (Bankr. M.D. Fla. 1999).

18. In *In re Loloee*, 241 B.R. 655 (9th Cir. BAP 1999), the court held that a sale order was void where it resolved substantive rights without adequate notice, because such an order violates due process. The same principle applies here. The April 30 Order extinguished the Debtor's possessory right to his home of 30 years and his right to redeem it by matching the Trustee's settlement—all without any notice to him.

19. The Debtor had a right to assume that notice of any order would be sent to the addresses he had on file with the Court and at which he was actively receiving correspondence. The failure to do so was a fundamental procedural defect that renders the Order void.

## B. Manifest Injustice and Extraordinary Circumstances Justify Relief Under Rule 60(b)(6).

20. Even if the Order were not void, relief is justified under the catch-all provision of Rule 60(b)(6) to prevent manifest injustice.

21. The Debtor appeared in Court, expressed his desire to save his home, and made a concrete offer to match the settlement. He was then personally instructed by the Trustee to stand by and await a call to finalize the arrangement. The Debtor and his counsel reasonably relied on that instruction.

22. The Trustee's subsequent failure to call, followed by the entry of an Order of which the Debtor was never notified, constitutes an extraordinary circumstance. This is not a case of excusable neglect; it is a case of a pro se debtor being misled and procedurally ambushed.

23. The result has been catastrophic. The Debtor has lost his home, his vehicles, and valuable business equipment. The purchaser, designated by Mr. Miccio, is disposing of the Debtor's property while the Debtor was still waiting for the Trustee's promised phone call. The balance of equities weighs overwhelmingly in favor of vacating the Order and allowing the Debtor the opportunity he was promised: to pay $25,000 and keep his home.

**C. The Sale Should Be Unwound as the Purchaser Cannot Claim "Good Faith" Status.**

24. The protections of 11 U.S.C. § 363(m) do not apply where the underlying sale order is void for lack of notice. A sale authorized without proper notice cannot create a "good faith purchaser." *See United States v. Moberg Trucking, Inc. (In re Moberg Trucking, Inc.)*, 112 B.R. 362 (9th Cir. BAP 1990) ("Without such notice, the sale is void and is subject to being set aside.").

25. The sale must be unwound to restore the status quo and remedy the profound due process violation that occurred.

**V. CONCLUSION**

WHEREFORE, Debtor Jose R. Villavicencio respectfully requests that this Court enter an order:

A. **GRANTING** this Emergency Motion; B. **VACATING** the Order Approving Compromise of Claims dated April 30, 2026 (Doc. 268); C. **SETTING ASIDE** any sale of the Property that has occurred pursuant to the Order; D. **DECLARING VOID** any transfer of the estate's interest in the Land Contract; E. **ORDERING** the immediate return of the Debtor's seven vehicles and all building materials and other personal property removed from 3339 Daglow Road; F. **SCHEDULING** an evidentiary hearing on this Motion; and G. **GRANTING** such other and further relief as is just and proper, including an award of attorney's fees and costs incurred in bringing this motion.

Dated: June 30, 2026

Respectfully submitted:

*Jose Villavicencio*

Jose R. Villavicencio, Pro Se

1086 East Fulton Street

Columbus OH 43205

6149723126

**SECTION XV. CERTIFICATE OF SERVICE**

I, Jose R. Villavicencio, hereby certify that on June 30, 2026, I served a true and correct copy of the foregoing Emergency Motion to Vacate Order Approving Compromise of Claims Under Rule 60(b) and Memorandum of Law in Support Thereof upon the following parties by first class U.S. Mail, postage prepaid:

Myron Terlecky Chapter 7 Trustee

575 South Third Street,

Columbus OH 43215

Joseph F. Miccio

5063 Red Ivy Drive, Apt A

Groveport OH 43125

_Jose R. Villavicencio, Pro Se Debtor_

**SECTION XVI. NOTICE OF RIGHT TO OBJECT**

**NOTICE OF RIGHT TO OBJECT AND HEARING**

TO: Myron Terlecky, Chapter 7 Trustee; Mark Bamberger, Esq.; Joseph F. Miccio; United

States Trustee; and all creditors and parties in interest:

PLEASE TAKE NOTICE that Jose R. Villavicencio, Debtor herein, has filed the foregoing

Emergency Motion to Vacate Order Approving Compromise of Claims Under Rule 60(b).

PLEASE TAKE FURTHER NOTICE that pursuant to Federal Rules of Bankruptcy

Procedure 2002(a) and 9013, and Local Bankruptcy Rule 9013-1, you are hereby notified

that:

1.   YOU HAVE THE RIGHT TO OBJECT to the foregoing Motion.

2.   ANY OBJECTION MUST BE FILED WITH THE COURT and served on Jose R.

     Villavicencio at the following address: 1086 East Fulton St.,Columbus OH, 43205.

3.   ANY OBJECTION MUST BE FILED NO LATER THAN 21 DAYS from the date

     this notice was served, or by **July 21, 2026**.

4.   IF NO TIMELY OBJECTION IS FILED, THE COURT MAY GRANT THE

     MOTION WITHOUT A HEARING.

5.   IF A TIMELY OBJECTION IS FILED, THE COURT WILL SET A HEARING

     DATE AND NOTICE WILL BE PROVIDED.

Dated: June 30, 2026


Jose R. Villavicencio, Pro Se Debtor

1086  East Fulton St

Columbus OH 43205

http://publicsafety.ohio.gov/what-we-do/crash-reports



REPORT NUMBER: 26 — 098592

ALT. PHONE: _____

*Proudly Serving Since 1972*



**Madison Township Police Department**

4567 MADISON LANE • GROVEPORT, OHIO 43125-9237

# D. JACKSON
## Constable

Email: djackson@madisontownship.org

Radio Room (614) 836-9000 or 911          Office (614) 836-5355
Voice Mail (614) 836-4468 Ext. 1236          Fax (614) 836-2370

AUDITOR OFFICE    SEARCH    ONLINE TOOLS    REFERENCE    CONTACT MICHAEL

Summary
Land Profile
Residential
Commercial
Improvements
Permits
Mapping
Sketch
Photo
StreetSmart
Aerial Photos
Transfers
BOR Status
CAUV Status
Tax & Payments
Tax Distribution
Tax Calculators
Value History
Rental Contact
Incentive Details
Quick Links

Parcel ID: 180-000925-00
MICCIO JOSEPH F

Map Routing: 180-O042D-03400
3339 DAGLOW RD

Record Navigator
1 of 1
Return to Search Results

Actions
Neighborhood Sales
Proximity Search
Printable Version
Custom Report Builder

Reports
Proximity Report
Map Report
Parcel Summary
Parcel Detail

Go

## SYSTEM MAINTENANCE

The initial phase of system maintenance is complete. You may encounter slower response times as we continue to make improvements; we thank you for your patience. If you should note a discrepancy in the data, please contact the Auditors Office at (614) 525-HOME (4663) or appraisal@franklincountyohio.gov.

Note to Parcel Detail Report users: Your report is generating in the background. Please refresh the page to view your downloaded results.

## OWNER

| | |
|---|---|
| Owner | MICCIO JOSEPH F |
| Owner Mailing / Contact Address | 3339 DAGLOW RD COLUMBUS OH 43232 |
| | Submit Mailing Address Correction Request |
| Site (Property) Address | 3339 DAGLOW RD |
| | Submit Site Address Correction Request |
| Legal Description | COLS-WINCHESTER PIKE 5.401 ACRES R21 T11 S4 |
| Legal Acres | 0 |
| Tax Bill Mailing | View or Change on the Treasurer's Website **If you have recently satisfied or refinanced your mortgage, please visit the above link to review your tax mailing address to ensure you receive your tax bill and other important mailings.** |
| Parcel Permalink | https://audr-apps.franklincountyohio.gov/redir/Link/Parcel/18000092500 |
| eAlerts | Sign Up for or Manage Property eAlerts The Auditor's office provides a Property eAlerts tool through which a property owner can sign up to receive an automated email alert whenever a change in owner or value is made to their property record. Click on the above button to sign up for or manage your Property eAlerts. |
| Tools | View Google Map Print Parcel Summary |

## MOST RECENT TRANSFER

| | |
|---|---|
| Transfer Date | APR-07-2006 |
| Transfer Price | $175,000 |
| Instrument Type | GW |
| Parcel Count | 3 |

## 2025 TAX STATUS

| | |
|---|---|
| Property Class | R - Residential |
| Land Use | 511 - ONE-FAM DWLG UNPLT 0-9.99 AC |
| Tax District | 180 - MADISON TOWNSHIP |
| School District | 2507 - GROVEPORT-MADISON SCHOOLS [SD Income Tax] |
| City/Village | |
| Township | MADISON TWP EXC CW GRVP OBTZ PICK |
| Appraisal Neighborhood | 07500000 |
| Tax Lien | No |
| CDQ | No |
| CAUV Property | No |
| Owner Occ. Credit | 2025: Yes 2026: Yes |
| Homestead Credit | 2025: No 2026: No |