IN THE UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF OHIO

EASTERN DIVISION

In re: ) Case No. 19-52861 ) Chapter 7 JOSE R. VILLAVICENCIO, ) ) Judge John E. Hoffman, Jr.

Debtor. ) _____ )

**DEBTOR'S MOTION TO DISQUALIFY AND REMOVE THE CHAPTER 7 TRUSTEE FOR**

**CAUSE PURSUANT TO 11 U.S.C. § 324**

Jose R. Villavicencio (the "Debtor"), appearing *pro se* and solely on his own behalf, respectfully moves

this Honorable Court for an order removing Myron N. Terlecky as the Chapter 7 Trustee (the "Trustee") in

the above-captioned bankruptcy case for cause, pursuant to 11 U.S.C. § 324.

**PRELIMINARY STATEMENT**

A Chapter 7 Trustee is the fiduciary of the bankruptcy estate, charged with the solemn duty to act with

undivided loyalty to maximize the assets available for creditors. The Trustee in this case, Myron N.

Terlecky, has abandoned this duty. Instead of challenging a facially unconstitutional $1,000,000 penalty

levied against the estate by a state court receiver, the Trustee has conspired with that receiver to ratify the

illegal penalty through a secret settlement. He has chosen expediency over his fiduciary obligations,

allowing the estate to be plundered of nearly a million dollars that should have been recovered. He now

seeks to use procedural tactics to shield his misconduct from scrutiny. This abdication of duty constitutes

a profound breach of trust that has irrevocably compromised his ability to administer this estate. For the

reasons set forth below, cause exists for his immediate removal.

**BACKGROUND**

1.  Myron N. Terlecky is the duly appointed Chapter 7 Trustee for the Debtor's bankruptcy
    estate.

2.  On April 1, 2026, the Trustee initiated an adversary proceeding, Adv. Pro. No. 26-02027,
    against New Perspective Asset Management, LLC ("NPAM" or the "Receiver") for
    turnover of estate property.

3.  The assets held by NPAM were encumbered by a purported $1,000,000 penalty that
    NPAM had assessed against properties owned by the Debtor's LLCs. This penalty is
    1,000 times the $1,000 statutory maximum for housing code violations under Columbus
    City Code § 4509.99 and is presumptively unconstitutional under the Excessive Fines
    Clause. *See Timbs v. Indiana*, 139 S. Ct. 682 (2019).

4.  Instead of challenging this illegal penalty to maximize the estate, the Trustee entered into a collusive settlement with NPAM. On July 17, 2026, without notice to the Debtor, this Court entered the *Agreed Judgment Entry* (Adv. Doc. 12) in the adversary proceeding.

5.  This Agreed Entry directs NPAM to turn over only the "net sale proceeds" after deducting its "administrative expenses" and liens—a framework that conveniently allows NPAM to pay itself for the unconstitutional penalty from estate funds.

6.  The Trustee is now actively opposing the Debtor's attempts to challenge this settlement, arguing in a recent filing (Adv. Doc. 16) that the Debtor lacks standing to be heard. The Trustee has aligned his interests with the Receiver and against the estate he is sworn to protect.

## ARGUMENT AND LEGAL AUTHORITY

Under 11 U.S.C. § 324(a), "[t]he court, after notice and a hearing, may remove a trustee … for cause." Cause is not defined in the Bankruptcy Code but is determined on a case-by-case basis. It includes breach of fiduciary duty, conflict of interest, fraud, and any conduct that is prejudicial to the fair and efficient administration of the estate. The Trustee's conduct in this case constitutes cause for removal under multiple theories.

### I. The Trustee Has Egregiously Breached His Fiduciary Duties.

A bankruptcy trustee is the fiduciary of the estate and owes the highest duties of loyalty, care, and diligence. The Trustee's primary duty, codified in 11 U.S.C. § 704(a)(1), is to "collect and reduce to money the property of the estate … as is compatible with the best interests of parties in interest." This includes the duty to "object to the allowance of any claim that is improper." 11 U.S.C. § 704(a)(5). A trustee must act to maximize the estate for the benefit of its creditors. *See In re Central Ice Cream Co.*, 836 F.2d 1068, 1072 (7th Cir. 1988) (trustee's duty is to "maximize the value of the estate"). The Trustee has breached these duties in several profound ways:

a.  **Failure to Investigate and Challenge an Unconstitutional Penalty:** The Trustee was aware of the $1,000,000 penalty. A cursory review would have revealed that it exceeded the statutory maximum under C.C.C. § 4509.99 by a factor of 1,000. It is a facially excessive penalty that violates the Eighth Amendment. *See Ullmann v. City of Columbus*, 2024-Ohio-5223. The Trustee's failure to investigate and object to this patently illegal claim is a gross dereliction of his duty to preserve estate assets.

b.  **Settling for Less than the Estate Was Owed:** By agreeing to accept only the "net

Trustee knowingly allowed the estate to be diminished by nearly $1,000,000. He chose a quick and easy settlement over his duty to litigate and recover the full value of the estate's property. This is not a matter of judgment; it is an abandonment of his core function.

c. **Failure to Notify Interested Parties:** The Trustee negotiated and finalized a case-dispositive settlement without providing any notice to the Debtor, who has a direct interest in any surplus and in ensuring the estate is properly administered. This lack of transparency is itself a breach of duty.

## II. The Trustee Is Operating Under a Disqualifying Conflict of Interest.

A trustee must act with undivided loyalty to the estate. The Trustee here has demonstrated that his loyalty lies with his own convenience and his relationship with the Receiver, not with the estate. A conflict of interest exists when a trustee is faced with a choice between his own self-interest and his fiduciary obligation.

The Trustee's conflict is clear: * **Convenience vs. Duty:** The Trustee chose the convenience of a quick settlement over the duty to engage in litigation that would have maximized the estate's recovery. * **Alignment with Adverse Party:** The Trustee is now actively working with the Receiver to defeat the Debtor's attempts to scrutinize the settlement. His legal arguments (lack of standing, finality of judgment) are aligned with the Receiver, the very party from which he was supposed to be recovering assets. He is no longer an advocate for the estate; he is an advocate for his own flawed settlement.

## III. The Trustee's Conduct Constitutes Constructive Fraud on the Estate.

Constructive fraud consists of a breach of a legal or equitable duty which, irrespective of moral guilt, the law declares fraudulent because of its tendency to deceive others, to violate public or private confidence, or to injure public interests.

The Trustee's actions amount to constructive fraud because: a. He knowingly allowed an unconstitutional penalty to be paid from estate assets, thereby violating the public confidence placed in him as a fiduciary. b. He concealed the settlement from the Debtor until after it was finalized, preventing any timely objection. c. He is now using procedural arguments to shield his collusive conduct from judicial review. This pattern of behavior is designed to injure the estate and its creditors by improperly diverting nearly $1,000,000 to the Receiver.

## IV. A Dutiful Trustee Would Have Acted Differently.

The Trustee's breaches are highlighted by what a competent and loyal trustee *would have done* under

exceeding statutory authority and being unconstitutional. * He would have filed a motion under 11 U.S.C. § 502(b) to disallow the claim. * He would have sought a declaratory judgment that the penalty is void. * He would have preserved the constitutional challenge for the benefit of all creditors. * He would have notified all parties in interest before entering into any settlement.

The current Trustee did none of these things. His inaction and collusive actions have caused direct and substantial harm to the estate.

## CONCLUSION

The Trustee, Myron N. Terlecky, has breached his fiduciary duties, engaged in self-dealing at the expense of the estate, and actively worked to suppress challenges to his misconduct. He can no longer be trusted to administer this estate in the best interests of its creditors or the Debtor. Cause for his removal under 11 U.S.C. § 324 is overwhelming.

## RELIEF REQUESTED

WHEREFORE, the Debtor, Jose R. Villavicencio, respectfully requests that this Court enter an order:

A. **REMOVING** Myron N. Terlecky as the Chapter 7 Trustee in this case for cause; B. **APPOINTING** a substitute Chapter 7 Trustee to administer the estate; C. **DIRECTING** the newly appointed trustee to immediately investigate the Receiver's $1,000,000 penalty and the circumstances surrounding the Agreed Judgment Entry; D. **ORDERING** Myron N. Terlecky to provide a full and final accounting for all actions taken in connection with the Agreed Entry; E. **STAYING** the effect of the Agreed Judgment Entry (Adv. Doc. 12) in Adv. Pro. No. 26-02027 pending the new trustee's investigation; F. **AWARDING** the Debtor the costs incurred in bringing this motion; and G. **GRANTING** such other and further relief as this Court deems just, equitable, and proper.

Dated: August 7, 2026

Respectfully submitted,

Jose R. Villavicencio, *Pro Se* Debtor

1086 East Fulton Street

Columbus OH   43205

**VERIFICATION**

I, Jose R. Villavicencio, declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: August 7, 2026

Jose R. Villavicencio

**CERTIFICATE OF SERVICE**

I hereby certify that on August 7, 2026, a true and correct copy of the foregoing **DEBTOR'S MOTION TO DISQUALIFY AND REMOVE THE CHAPTER 7 TRUSTEE** was served upon the following parties via the Court's ECF system and/or by first class U.S. Mail, postage prepaid:

**Myron N. Terlecky, Trustee** Strip, Hoppers, Leithart, McGrath & Terlecky Co., LPA 575 South Third Street Columbus, OH 43215 *Chapter 7 Trustee*

**Office of the U.S. Trustee** 170 North High Street, Suite 200 Columbus, OH 43215

Jose R. Villavicencio
1086 East Fulton St
Columbus OH 43205

**SECTION XVI NOTICE OF RIGHT TO OBJECT**

**NOTICE OF RIGHT TO OBJECT AND HEARING**

**To:** Myron Terlecky, Loni Fultz,

PLEASE TAKE NOTICE that Jose R. Villavicencio, Debtor herein, has filed the foregoing

Motion to Dismiss Adversary Case.

**PLEASE TAKE FURTHER NOTICE** that pursuant to Federal Rules of Bankruptcy Procedure

2002(a) and 9013, and Local Bankruptcy Rule 9013-1, you are hereby notified that

1. YOU HAVE THE RIGHT TO OBJECT to the foregoing Motion.

2. ANY OBJECTION MUST BE FILED WITH THE COURT and served on Jose R.

   Villavicencio at the following address: 1086 East Fulton Street, Columbus OH 43205

3. ANY OBJECTION MUST BE FILED NO LATER THAN 21 DAYS from the date this notice

   was served, on August 6, 2026, or by August 27, 2026.

4. IF NO TIMELY OBJECTION IS FILED, THE COURT MAY GRANT THE MOTION WITHOUT A

   HEARING.

5. IF A TIMELY OBJECTION IS FILED, THE COURT WILL SET A HEARING DATE AND

   NOTICE WILL BE PROVIDED.

Dated August 7, 2026

*Jose R. Villavicencio*

**Jose R Villavicencio**, Debtor, Prose

1086 East Fulton St

Columbus OH  43205