**This document has been electronically entered in the records of the United States Bankruptcy Court for the Southern District of Ohio.**

**IT IS SO ORDERED.**

John E. Hoffman, Jr.
United States Bankruptcy Judge

**Dated: August 26, 2026**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| *In re*: | : | Case No. 19-52861 |
| | : | |
| Jose R. Villavicencio, | : | Chapter 7 |
| | : | |
| *Debtor*. | : | Judge Hoffman |

**ORDER DENYING DEBTOR'S EMERGENCY MOTION TO ENFORCE AUTOMATIC STAY AND FOR SANCTIONS (DOC. 290)**

This matter is before the Court on the emergency motion (the "Motion") (Doc. 290) filed by Chapter 7 debtor Jose R. Villavicencio ("Debtor") to enforce the automatic stay against New Perspective Asset Management, LLC ("New Perspective") and to sanction New Perspective for violating the stay. Because the automatic stay no longer protects the Debtor, the Motion is **DENIED**.

Under the Bankruptcy Code, the automatic stay of acts against a debtor "continues until the earliest of—(A) the time the case is closed; (B) the time the case is dismissed; or (C) if the case is a case under chapter 7 of this title concerning an individual . . . the time a discharge is granted or denied." 11 U.S.C. § 362(c)(2). The Debtor's case has not been closed or dismissed. He has,

however, been denied a discharge. *See* Stipulation and Agreed Order Waiving and Denying Discharge Doc. 63 (the "Agreed Order"). This could not be clearer. The Agreed Order recited that the Debtor had waived his discharge and approved that waiver. The Agreed Order then stated: "**IT IS FURTHER ORDERED** that Debtor's Discharge in the case known as *In re Jose R. Villavicencio*, Bankruptcy Case No. 19-52861, is DENIED." Agreed Order at 2. The automatic stay of acts against the Debtor therefore terminated as of the date of the Agreed Order, which was September 25, 2020. Because the act that the Debtor contends violates the stay will occur after that date (August 31, 2026), the automatic stay does not apply. *See Allgaier v. Peterson*, Case No. 13 CV 5112 (VB), 2017 WL 11696197 at *2 (S.D.N.Y. Aug. 10, 2017) ("[W]aiver of [a] right to a discharge serve[s] as a denial of a discharge so as to terminate the automatic stay pursuant to 11 U.S.C. section 362(c)(2)(C).").

For these reasons, the Motion is **DENIED**.

**IT IS SO ORDERED.**

Copies to:

Default List